[S. F. No. 551.  Department One.—June 12, 1897.]

CALIFORNIA TITLE INSURANCE AND TRUST COMPANY, Plaintiff, *v.* CONSOLIDATED PIEDMONT CABLE COMPANY, Appellant. JOHN YULE, Petitioner and Respondent.

Receiver—Verified Petition to Compel Payment of Funds—Motion—Sworn Statement—Evidence.—A verified petition to compel a receiver to pay over funds to the petitioner is in the nature of a motion, in which the moving party makes a *prima facie* case by his sworn statement; and it is immaterial whether the statement be termed a complaint, or a petition in the nature of a complaint, or an affidavit, it being evidence which is to be met at the hearing upon the order to show cause; and, if not so met, the court is authorized to treat the statements of the verified petition as established facts.

Id.—Authority of Receiver of Mortgaged Railway—Collection of Debts Due Railway Company—Wrongful Payment—Attachment—Order to Pay Funds upon Judgment.—A receiver, appointed with authority only to take possession of a mortgaged street railway, and to operate the road, etc., without any authority to collect debts, which were due to the street railway company prior to his appointment, and which were not covered by the mortgage, is not absolved from liability to an attaching creditor of the street railway company under a garnishment for the amount of the debts so collected, by reason of having wrongfully mingled the funds with those received in the course of his receivership, and paid them out without authority; and he may be properly ordered to pay over the funds so collected, to be applied upon a judgment obtained by the attaching creditor against the railway company.

APPEAL from an order of the Superior Court of Alameda County directing the payment of money by a receiver. A. L. Frick, Judge.

The facts are stated in the opinion.

*C. H. Wilson*, for Appellant.

*John Yule*, and *John M. Poston*, for Respondent.

Searls, C.—In November, 1893, the above-named plaintiff brought an action against the defendant, the Consolidated Piedmont Cable Company, to foreclose a mortgage made by defendant upon its property, consisting of real estate, buildings, franchises, street railway, cars, machinery, etc.

The court, on the application of plaintiff, appointed Ira Bishop receiver of the mortgaged property, to take possession thereof, and to maintain and operate the railway pending the action, and until final decree. Bishop qualified as receiver, took possession of and operated the railway until March 19, 1895.

A decree of foreclosure was entered October 23, 1894, under which, on the nineteenth day of March, 1895, Ira Bishop, who was appointed by the decree a commissioner so to do, sold the mortgaged property.

The contention here arises over $406.28, which came to the hands of the receiver, as follows, viz., $5.15 found in the safe of the defendant, and by him taken into possession when he went into possession as such receiver, and the further sum of $401.13 collected by him from the Oakland Consolidated Street Railway Company, and due to the defendant herein for repairing some crossings, which sum was so due for services rendered by said defendant from March to November, 1893, and before the appointment of said receiver.

The basis of the claim by John Yule, the respondent herein, to said sum of money is shown by his sworn petition, filed May 10, 1895, to be as follows:

On the nineteenth day of March, 1895, one Albert L. Black brought suit against the defendant and appellant herein to recover the sum of $10,000, etc., and sued out a writ of attachment in due form, which was on the last-mentioned day duly served upon said receiver, whereby the said sum of $406.28, and all other debts and credits and personal property of the defendant therein, and appellant here, in the possession of or under the control of said Ira Bishop, receiver, were duly attached. On the sixth day of May, 1895, Black recovered judgment against the defendant and appellant herein for $11,540.80, no part of which has been paid. Black assigned said judgment to the petitioner, John Yule, on May 7, 1895.

Upon filing this petition the court made an order on Bishop, requiring him to appear and show cause, if any

he had, ~hy an order should not be made in accordance
with the prayer of the petition directing him to pay
over to petitioner said sum of $406.28, etc., and requir-
ing a copy of the petition and order to be served upon
him, etc.

On the day named in the order Bishop appeared, but
did not answer or show cause against the order in any
manner, except that he was called as a witness by peti-
tioner and testified as to his receipt of the money and
the sources from which it came, as hereinbefore stated,
and to the further facts that the money, when received
by him, was deposited to the credit of his account as
receiver, and was paid out on account of running ex-
penses of the road, long before service of the attach-
ment.

The court held that the $406.28 was the property of
the defendant, not subject to the lien of the plaintiff's
mortgage or claim of the receiver, and ordered it paid
over to the petitioner, John Yule, in part satisfaction of
his judgment.

The defendant appeals. Ira Bishop, against whom
the order was taken, has not appealed, and neither he
nor the plaintiff was served with the notice of appeal.

Assuming, as we do, without deciding, that defend-
ant is a "party aggrieved" by the order, within the
meaning of section 938 of the Code of Civil Procedure,
and that the appeal is properly taken, we fail to discern
any good cause for reversal of the order appealed from.

Appellant's first contention is, in substance, that there
was no proof of the judgment in favor of Black, that
it was assigned to Yule, or that it remained unpaid.

This theory is founded upon the idea that the sworn
petition, complaint, or affidavit upon which the order
to show cause issued was not evidence of the facts
therein stated, and, as there was no other evidence on
the subject, that the omission was fatal to the proceed-
ing.

The argument, it seems to us, fails to sustain either

the premises or conclusion. It is, that "the petition is in the nature of a complaint and is to all intents and purposes a pleading." (Citing Code Civ. Proc., sec. 420, and *Duff* v. *Duff*, 71 Cal. 513, 522.)

If the petition is to be treated as in the nature of a complaint, then being verified, under our practice, all its material allegations not denied under oath are to be taken as true, and no further evidence in support of them was necessary, and there being no answer they were to be taken as true. (Code Civ. Proc., sec. 462.)

The doctrine of *Duff* v. *Duff*, *supra*, so far as applicable here, is that a petition for letters of administration is in the nature of a pleading, and the rules in regard to the admissions in pleadings apply to it.

*Crane* v. *Brigham*, 11 N. J. Eq. 29, also cited by appellant, goes only to the practice in equity, in the courts of that state, and has no necessary application under our system of practice. But the proceeding here is a motion (Code Civ. Proc., sec. 1003) in which the moving party made a *prima facie* case by his sworn statement, and whether we term that statement a complaint, a petition in the nature of a complaint, or an affidavit, matters not. It was evidence to be met at the hearing upon the order to show cause, and as it was not, in the particulars complained of by defendant, in anywise controverted, the court was authorized to treat its statements as established facts in the case.

2. The mortgage did not cover the assets of the corporation defendant therein, beyond the property as hereinbefore stated, and the receiver was appointed, not to collect the debts due the corporation defendant, but only to take possession of the mortgaged property, operate the road, etc.

When, therefore, he took possession of the money of the defendant and collected money due to it before his appointment, and which was not covered by the lien of the mortgage, he transcended his authority as receiver, and it was no defense to the motion for him to say he

had mingled the funds thus received with those received in the course of his receivership and had paid out the money.

The judgment of foreclosure only related to the mortgaged property, and the settlement of the receiver's accounts touching his receipts and expenditures as receiver did not absolve him from liability for moneys which had come to his hands in excess of his authority as receiver and in violation of the authority conferred upon him by the court.

We need not dwell upon the point that the money received from the Oakland company was by virtue of a sale of a one-half interest in the crossings to the last-named company made by him, for the reasons: 1. That as receiver he had no authority to make such sale; 2. There is no evidence that he made such sale, but, on the contrary, it appears the money was due the defendant for labor performed and materials furnished in putting in street crossings, the one-half of which was to be paid for by the Oakland company, all of which was done and performed before he became receiver.

We recommend that the order appealed from be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.