## BUCKLEY v. STATE.   (I Div. 528.)

(Court of Appeals of Alabama.   Dec. 18, 1923.)

**1. Rape ⊗⊃46—Evidence of opportunity competent.**

As showing opportunity for the charged intercourse with a girl under the age of consent, her testimony that her mother was away from home was competent.

**2. Witnesses ⊗⊃240(2)—In court's discretion to permit leading questions to girl in statutory rape case.**

It was in the court's discretion, on prosecution for intercourse with a girl under age of consent, to permit the solicitor, under its supervision, to ask her leading questions as to the details of the crime and how defendant proceeded to its conclusion.

**3. Indictment and information ⊗⊃101—Purpose of naming person injured.**

The naming in the indictment of the person injured is for the sole purpose of informing defendant as to what charge he is called on to answer, and to that end must be so certain as to enable him to know.

**4. Criminal law ⊗⊃1167(1)—Rape ⊗⊃35(4) —Rulings on variance correct or harmless.**

Rulings against defendant, based on his claim of variance as to the name of the girl under age of consent, with whom he is charged to have had intercourse, held correct or harmless; he having given to the solicitor and to the grand jury as her surname that of her mother when she was born out of wedlock, and it being so laid in the indictment, and defendant being advised of all the circumstances connected with her, though for some years, as a member of defendant's family, after he married her mother, she answered to his name.

**5. Bastards ⊗⊃14½, New, vol. 19A Key-No. Series—Surname of bastard that of mother.**

The surname of one born out of wedlock is that of her mother.

**6. Witnesses ⊗⊃246(3)—Leading question by court as to meaning of testimony in court's discretion.**

In the examination of a witness, whose testimony as to a fact is vague or uncertain, it is in the court's discretion to ask witness a leading question as to what the court understood such testimony to be.

───────────────────────────────

⊗⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Rape 48(1)—Female's statement admissible as a complaint.**

That the girl under age of consent, with whom defendant is charged to have had intercourse. stated to her aunt after the alleged offense that she had missed her period, was admissible as a complaint; its probative force being for the jury.

**8. Rape 38(1)—Legitimacy of girl and number of defendant's children irrelevant.**

Neither the legitimacy of the girl, in statutory rape, nor how many children defendant had by his wife, the girl's mother, is relevant.

**9. Criminal law 351(10)—Letter attempting to suppress testimony admissible.**

A letter written to the girl, constituting an effort to suppress testimony and to impede the courts in the administration of justice, is admissible on a prosecution for statutory rape.

**10. Criminal law 844(1) — Exceptions to charge, descriptive merely, insufficient.**

Exceptions to parts of the oral charge, which are descriptive merely, are not sufficiently explicit to meet the requirements of the rule.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

John Buckley was convicted of carnally knowing a girl under 16 years of age, and appeals. Affirmed.

Geo. B. Cleveland, Jr., of Mobile, for appellant.

The letter written by defendant to the girl was not admissible. Wilson v. State, 73 Ala. 527; Sanders v. State, 148 Ala. 603, 41 South. 466. Counsel discuss other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The indictment in this case is under Code 1907, § 7700, as amended by Acts of the Legislature 1915, p. 137, charging that defendant did carnally know Edna Grimsley, a girl over the age of 12 and under the age of 16 years. The indictment was in all things regular, and the cause proceeded to trial on the defendant's plea of not guilty.

There are many exceptions to evidence noted in this case, entirely without merit, and seemed to have been reserved without a definite reason. As to these we do not refer in detail, confining this opinion to those exceptions seeming to require more mature consideration.

The defendant is the husband of the girl's mother; the husband, wife, three children, and the girl, were living together in a small house and jointly using one room as a sleeping room. In this room, during the time covered by the indictment, also slept a boy about 18 years of age. First this boy slept on a pallet and then on a bed about three inches from the bed on which the girl slept. The girl testified that on a certain night in September, before the finding of the indictment, the defendant came to her bed and had intercourse with her.

[1, 2] It was competent for the girl to testify that, on the night of the alleged offense, her mother was absent from home. The absence of the wife from her home would offer an opportunity for the crime. The girl being a child of tender years, testifying about a very delicate relationship, and under embarrassing surroundings for a girl of that age, the court was acting well within his discretion to permit the solicitor, under his supervision, to ask the leading questions as to the details of the crime and how defendant proceeded to its conclusion. True, the evidence does not disclose any unwillingness on the part of the girl to the cohabitation, but consent is not an issue in this case.

[3] The name of the girl as laid in the indictment was Edna Grimsley. Much testimony was introduced on this question in an effort to prove that such was not her name. It was shown without dispute that the girl was born out of lawful wedlock; that the mother's name at the time of the girl's birth and for nearly two years thereafter was Grimsley; that when the girl went to the solicitor and before the grand jury she gave her name as Edna Grimsley. The defendant, of course, knew the name of the girl and of her mother at the time of his marriage to her. The naming of the girl in the indictment is for the sole purpose of informing the defendant as to what charge he is called upon to answer, and to that end must be so certain as to enable the defendant to know. Crawford v. State, 112 Ala. 1–24, 21 South. 214.

[4, 5] In the instant case there is no question as to the identity of the injured party, and no pretense that the defendant was not fully advised of all the circumstances connected with the girl, from the time of his marriage to the girl's mother to the trial. Under this state of the evidence we hold that the various rulings of the court on this issue were without error, or, if error, were without injury. Cutcliff v. State, 205 Ala. 194, 87 South. 708. Moreover, the girl had a right to the name Grimsley, and, under the customs obtaining in this country and in England, Grimsley was her surname. 19 R. C. L. 1326 (2). Defendant knew this, and, conceding the fact to be that, for some years, as a member of defendant's family, she answered to his surname, when she gave the solicitor and grand jury her true name, she had a right to do so. Milbra v. Sloss-S.-S. & I. Co., 182 Ala. 622, 62 South. 176, 46 L. R. A. (N. S.) 274.

[6] In the examination of a witness, whose testimony as to a given fact, is vague or un-

certain, it is within the discretionary power .of the court to himself ask the witness a leading question as to what the court understood the testimony of the witness to be. The purpose of all examinations of witnesses is to obtain a clear and truthful statement of facts within their knowledge, and when the answers of the witness to questions are uncertain, or likely to be misunderstood by the jury, it is the duty of the court to make such answers clear and understandable.

[7] That the girl stated to her aunt, in December or January after the alleged offense had been committed, that she had "missed her period," was admissible as a complaint. The probative force of the testimony was for the jury.

[8] As to whether the girl Edna is legitimate or illegitimate has nothing to do with this case, and neither is it relevant to show how many children defendant has by his wife, the girl's mother. All such evidence was properly excluded.

[9] The letter written to the girl and sent to the girl's uncle in Florida, where the girl was staying at the time, was an effort to suppress testimony and to impede the courts in the administration of justice, and as such was admissible. Ex parte State, etc., 209 Ala. 5, 96 South. 605.

[10] The exceptions reserved to parts of the court's oral charge, being descriptive merely, are not sufficiently explicit to meet the requirement of the rule. Reed v. State, 18 Ala. App. 371, 92 South. 513.

We find no error in the record, and the judgment is affirmed.

Affirmed.