(114 So. 130)

### SANDERS v. STATE. (1 Div. 720.)

Court of Appeals of Alabama. May 10, 1927.

Rehearing Denied June 7, 1927.

Gordon, Edington & Leigh, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

SAMFORD, J. This record has been carefully read and considered. According to the testimony of Ferguson, he was assaulted and beaten with a brick under such circumstances as would constitute the act an assault with the intent to murder. The defendant was positively identified as the party making the assault. The defendant admits that at the time and place fixed by Ferguson he threw a stick of wood at a man and struck him. Even under the facts as stated by defendant the jury was warranted in returning a verdict convicting the defendant of assault and battery. The insistences of error are that the court refused to permit the defendant to ask a state's witness which hand was used in turning on the electric switch to a Ford car; that the court did permit a state's witness to say that some spots found on the brick picked up at the place of assault looked like blood; that the court permitted the officer arresting defendant to say where he made the arrest. The refusal of the court to give at the request of defendant the general charge, because the party alleged to have been assaulted appears in the indictment as Robert P. Ferguson, whereas the evidence describes him as R. P. Ferguson, and no proof was made that Robert P. and R. P. were one and the same. This variance was not called to the attention of the court.

In this case there is no real question as to the identity of the injured party, and no pretense that the defendant was not fully advised of all the circumstances against which he was called to defend. Upon the whole record, we hold that circuit rules 34 and 35 and Supreme Court rule 45 govern this case. Also, see Buckley v. State, 19 Ala. App. 508, 98 So. 362.

The judgment is affirmed.

Affirmed.