176 So. 810

## CURRY v. STATE.

### 6 Div. 122.

Court of Appeals of Alabama.

June 15, 1937.

Rehearing Denied Oct. 5, 1937.

Clifford Emond, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This appeal is on the record without a bill of exceptions, and the questions presented are the court's rulings on the demurrer to the complaint. The complaint is in the following language: "The State of Alabama, by its Solicitor, complains of Carl Curry, a parent

That, within twelve months before the commencement of this prosecution he did without lawful excuse, desert, or willfully neglect, or refuse or fail to provide for

the support and maintenance of his child, under the age of eighteen years, the said child, being then and there in destitute or necessitous circumstances, and that the said child, is now in Jefferson County, Alabama, against the peace and dignity of the State of Alabama."

It is first insisted that the complaint does not charge the unlawful desertion or willful neglect or refusal to provide for the support and maintenance of his child. This contention is not borne out by the record. The charge is: "That within twelve months before the commencement of this prosecution he did without lawful excuse," etc. The charge is in the exact words of the statute, and it is here specifically set out that the act of defendant was without lawful excuse. If the defendant, in fact, deserted, or willfully neglected, refused, or failed to provide for the support and maintenance of his child, under the age of eighteen years, the child being then and there in destitute or necessitous circumstances, and without lawful excuse therefor, he would be guilty.

It is next insisted that the averment that the defendant deserted, etc., his child under the age of eighteen years is too vague and indefinite; and for this reason the complaint is subject to demurrer.

The offense charged is the desertion, etc., without lawful excuse therefor. As we have above said, the complaint is in the language of the statute, and while it does not designate the child by name, it is sufficient to put the defendant upon notice as to the charge against him. The purpose of the complaint and the name of the child is only collateral. Where this is the case, the particularity required in naming a defendant in an indictment does not apply to individuals who are only collaterally concerned. As a matter of fact, the crime charged in this complaint runs against the public generally and against the State, and the naming in the indictment of the person injured is for the sole purpose of informing the defendant as to what charge he is called upon to answer. When a complaint on an indictment meets this requirement it is sufficient. Hornsby v. State, 16 Ala.App. 89, 75 So. 637; Buckley v. State, 19 Ala.App. 508, 98 So. 362.

We find no error in the record, and the judgment is affirmed.

Affirmed.