[Civ. No. 15712.   Second Dist., Div. One.   Aug. 15, 1947.]

In re GAYLYNN EVON LARSON, a Minor, et al., for Change of Name.   GAYLYNN EVON LARSON, a Minor, et al., Respondents, v. AUSTIN GILFORD LARSON, Appellant.

Thomas Morris and Charles R. McCarty for Appellant.

Samuel C. Stoner and Marvin Wellins for Respondents.

WHITE, J.—Defendant appeals from a decree of the superior court changing the name of his minor daughter and from an order denying his motion to vacate said decree.

On April 22, 1943, the petitioner, Marion Armstrong, mother of the aforesaid minor, obtained a final decree of divorce from the defendant, Austin Gilford Larson. Under the provisions of the interlocutory decree of divorce, respondent herein, Marion Armstrong, was awarded the care and custody of the above-named minor child with the right of "reasonable visitation" to appellant. On April 13, 1944, respondent was married to Weir P. Armstrong. On August 15, 1945, appellant also remarried.

On April 10, 1945, respondent mother of said minor child filed on behalf of herself and her child, Gaylynn Evon Larson, in the Superior Court of Los Angeles County, a petition to change the name of said minor to Gaylynn Evon Armstrong. In her petition for a change of the minor's name, respondent mother assigned as reasons therefor, her divorce from appellant, the award to her of the custody of said minor, her remarriage to Weir P. Armstrong, and that said minor "is now a member of the household of her mother, the said Marion Armstrong, and her stepfather, the said Weir P. Armstrong, and another child is about to be born to her mother and her stepfather; and it will be to the best interests of said child, Gaylynn Evon Larson, that she have and bear the surname of her mother."

Upon the filing of the aforesaid petition for change of name, an order to show cause was issued, which was published and an affidavit of publication filed. On May 15, 1945, the matter came on for hearing, at which time no person appeared to object, evidence was presented, and the court accordingly rendered its decree changing the name of said minor as prayed.

On May 13, 1946, appellant filed a notice of motion to set aside the aforesaid decree of May 15, 1945, together with an affidavit in support thereof. On May 15, 1946, respondent mother filed her affidavit in opposition to such motion. On the same date, appellant's motion came on for hearing, and on May 27, 1946, the court made its order denying the same. This appeal was then taken by appellant.

By his affidavit filed in support of his motion to vacate the decree changing the name of his minor daughter, appellant set forth that at the time of filing the petition for change of name he was a member of the Army Air Force of the United States. "That during the time of the publication of the petition I was a prisoner of war in a German prison camp and subsequently I was released from the prison camp wherein I had been a prisoner of war for some sixteen months and I did not return to the United States until sometime in June, 1945, and did not return to the state of California until the 27th day of June, 1945 . . .; that had I known . . . that the above proceedings were pending, we would have appeared in court with our attorney and would have objected to the same and would have shown good cause against such change of name." While admitting that his former wife had told him that his daughter's name had been legally changed, appellant asserts that on May 11, 1946, as a result of an investigation made by his attorney, he learned for the first time "that the proceedings above had actually been filed and that a judgment and order changing the name of my daughter . . . is a matter of record, as I hesitated to believe that Marion Larson Armstrong would institute such an action . . . without first informing me so that I could be properly represented at such a hearing." As a reason for not sooner making his motion to vacate the order changing his daughter's name, appellant asserts that he was "unacquainted with the procedure of changing names as a matter of record, and did not know that the changing of the name of my daughter could be made or attempted without personally notifying me by summons or otherwise." Appellant then sets forth in his affidavit the objections he had to such change of name.

In her affidavit in opposition to the motion to vacate the decree, respondent mother makes no denial of appellant's averments concerning his military service, but asserts that on June 30 and July 3, 1945, within six months from the date of the decree changing the name of said minor, she informed appellant that the child's name had been legally changed, that he made no objection thereto, stating in the conversation of July 3, 1945, "Oh, the name doesn't actually matter, I don't care about the name so much but my folks have been objecting. I just wanted to know if it was legal."

It may be conceded, as claimed by respondent mother, that in filing her petition and securing the decree of May 15,

1945, changing the name of the minor child, she proceeded in accordance with the applicable statutes of this state (Code Civ. Proc., §§ 1276, 1277, 1278, 1279), and that said order is as claimed by her, "valid and regular." But the question presented to us is whether appellant properly attacked the validity of the order pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act (54 Stats. 1180, § 200; 50 U.S.C.A. App. § 520), on the ground that he was prejudiced by reason of his military service in making his objections to respondent mother's petition to change the name of the minor child (*Allen* v. *Allen*, 30 Cal.2d 433, 436 [182 P.2d 551]). Subdivision 4 of section 520, title 50 U.S.C.A., reads as follows:

"If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside or reversing any judgment because of any of the provisions of this Act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

Appellant's motion to vacate the order in question was timely, and made in accordance with a remedy expressly provided by federal statute, a statute lawfully adopted by Congress in the exercise of its constitutional power, the declared purpose of which is to afford protection to those in the military service and to guard against their civil rights suffering injury during the term of such military service by reason of judicial proceedings instituted or prosecuted against them during their absence. As was said by the Supreme Court of this state in *Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274, 282 [153 P.2d 714]: "Such act is the supreme law of the land. (U. S. Const., art. VI, § 2; Cal. Const., art. I, § 3; Annotation 130 A.L.R. 774.)"

While the aforesaid federal statute speaks largely of "plaintiffs," "defendants," "judgments" and "proceedings," it is to be liberally construed so as to insure to those in the armed

services a state of mind relatively at peace so far as the vexations and burdens of civil litigation are concerned.

While it may be true, as contended by respondent mother, that appellant was not a necessary party to a proceeding under section 1275 et seq., of the Code of Civil Procedure, for the change of name of a minor child, he was certainly, as the father of such child, "an interested party," whose interests would be materially affected by the proceeding in question. And if the broad and sweeping relief provisions of the Soldiers' and Sailors' Civil Relief Act are to be liberally construed to effectuate its purpose (*Royster* v. *Lederle*, 128 F.2d 197), appellant as such "interested party" must be held to have the status of a "defendant" under the terms of the act.

The cited federal statute refers to any "judgment" rendered against any person in military service and who was prejudiced by reason of such service, in making his defense thereto. If we are to effectuate the aims and purposes of the aforesaid federal statute, we are persuaded that the decree changing the name of the minor child must be classified as a "judgment" under the definition of that term, because it was a final determination of the rights of all persons interested.

Regardless of the merit attached to respondent mother's grounds for changing the name of the minor child, appellant father certainly was entitled to an opportunity to assert his primary right to have his child bear his name in accordance with the usual custom of succession to paternal surname. This right was denied him because he was in military service. We are disposed to hold that under the facts here present the case was one wherein, under section 200(1) of the act (54 Stats. 1180; 50 U.S.C.A. App., § 520), respondent mother should have filed an affidavit showing that appellant was in the military service, thereby preventing the court from entering the decree for change of name without appointing an attorney to represent appellant and protect his interests. No such affidavit was filed, although in her petition for the change of the minor's name, respondent mother alleged that such minor was the daughter of appellant "whose last-known address was ASN 0801290, 534 Bombing Squad, 381 Bomb. Group, APO 634, care of Postmaster, New York City, New York." Appellant, however, was not notified of the hearing, nor was he therein represented within the meaning of the act. However, as heretofore noted, the failure to appoint an attorney to represent appellant does not render the order void. Section 200

of the federal act which protects the serviceman before the entry of the order also contains a provision empowering the trial court to vacate or set aside its judgment in any proceeding when it is made to appear that by reason of his military service, the serviceman was prejudiced in making his defense. Appellant's motion to vacate the decree herein made was filed within the time prescribed by the act, and he was unquestionably prejudiced by reason of his military service, in asserting his objections to respondent mother's petition for a change of name of the minor daughter. He now seeks the opportunity to present his objections and contest respondent mother's petition. In so doing he is asking for the very relief contemplated by the act. The trial court, therefore, abused its discretion in refusing to permit him to defend.

The appeal from the decree of May 15, 1945, changing the name of Gaylynn Evon Larson, is dismissed. The order denying the motion of appellant to vacate the decree of May 15, 1945, changing the name of Gaylynn Evon Larson, is reversed.

York, P. J., and Doran, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 2, 1947.