[Civ. No. 23498.   First Dist., Div. Three.   Mar. 14, 1968.]

In re ELIZABETH ANTOINETTE TROWER, a Minor, etc., for Change of Name. ELIZABETH ANTOINETTE TROWER, a Minor, etc., Petitioner and Appellant, v. WILLIAM P. TROWER, Objector and Respondent.

Frank S. McGorty for Petitioner and Appellant.

John A. Pettis, Jr., for Objector and Respondent.

DRAPER, P. J.—Once again, divorced parents resort to the courts to determine the surname of their child. The minor was born in 1960. Final divorce decree of the parents, entered in 1962, awarded custody to the mother. Each parent remarried, and each has a child by the later marriage. The surname of the mother's present husband is Dash. In 1965, Mrs. Dash, on behalf of her daughter, sought an order changing the child's name to Elizabeth Antoinette Trower Dash. The father, Mr. Trower, opposed the application. It was denied and the mother appeals. The trial court heard evidence, including testimony of both parents, but the proceedings were not reported.

The common law right of a competent adult to change

his name has not been abrogated, and his application to make a judicial record of the change (Code Civ. Proc., §§ 1275-1279) will not be denied in the absence of substantial reason (*In re Ross*, 8 Cal.2d 608 [67 P. 94, 110 A.L.R. 217]).

At common law, a minor did not have the right to change his name. Continued application of that rule is recognized by the statute (Code Civ. Proc., § 1276). Since fit parents are presumed to know and act in the best interests of their child (see concurring opinion of Traynor, J. in *Guardianship of Smith*, 42 Cal.2d 91, 94 [265 P.2d 888, 37 A.L.R.2d 867]), they may apply in his behalf.

Problems arise, however, when the parents are divorced and disagree as to the change. Since the parent having custody has broad authority over the education, health, and religious training of the minor (*Lerner* v. *Superior Court*, 38 Cal.2d 676, 681 [242 P.2d 321]), it could be argued that such parent should also have the primary right to choose the child's surname. When the father does not object, this right of the mother having custody seems impliedly acknowledged (*In re McGehee*, 147 Cal.App.2d 25 [304 P.2d 167]).

But California decisions recognize that the father, even when custody is in the mother, has a protectible interest in having the child bear the paternal surname. This interest is first mentioned in a 1947 case referring to it as his "primary right" (*In re Larson*, 81 Cal.App.2d 258, 262 [183 P.2d 688]). His standing to assert this substantial right is squarely determined in a recent decision (*In re Worms*, 252 Cal.App. 2d 130 [60 Cal.Rptr. 88]; see also *Montandon* v. *Montandon*, 242 Cal.App.2d 886 [52 Cal.Rptr. 43]). *Worms* (p. 135) points to the general rule in other jurisdictions that "a change of name will not be authorized against the father's objection, merely to save the mother and child minor inconvenience or embarrassment" (53 A.L.R.2d 914, 915).

The father's right, of course, is not absolute. The best interests of the child are paramount. Overruling of his objection may be warranted by such circumstances as misconduct justifying forfeiture of his rights, or a showing that his name will be positively deleterious to the child (*Worms*, at p. 135). Obviously, some discretion is vested in the trial court in determining such issues.

The parties agree that the application is based upon such embarrassment and inconvenience as the child may suffer from the fact that her surname is different from that of her mother, stepfather, and half brother. On the other hand, the

father concededly showed full compliance with his duty of financial support, exhibited a strong and continuing parental affection, and suggested ultimate psychological harm to the child in bearing a surname other than that of her true father. We find no abuse of discretion in the trial court's denial of the mother's petition.

The mother argues that the cases recognizing the father's interest in having his child bear his surname do not apply here. She says that she does not seek to remove his name, but merely to add her present name, Dash. We are not impressed. Long custom in this country regards the last name as the family name. Usages differ elsewhere, as among the Chinese who place the family name first, and many Spanish-speaking countries in which the father's name is next to last. But we deal with a common law right. ▆ With us, the surname is "the inherited last name taken by children and changed only legally" (Webster's 3d New International Dictionary). We think it clear that it is in this sense that the father's right exists. On appeal, the mother suggests that the hyphenated names sometimes used in Great Britain would be proper, having the child known as Trower-Dash. The prayer of the petition cannot be amended on appeal. Under our usage and custom, it is highly doubtful that this suggestion, even if within the pleadings, would afford to the father the right intended by our decisional law.

Judgment affirmed.

Salsman, J., and Brown (H.C.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 9, 1968.