[Civ. No. 3138. Fifth Dist. June 19, 1978.]

DONALD J., Plaintiff and Appellant, v.
EVNA M., Defendant and Respondent.

**COUNSEL**

Doty, Quinlan, Kershaw & Fanucchi, Bert C. Hoffman, Jr., and Edward L. Fanucchi for Plaintiff and Appellant.

Hawes & Brown and Edward L. Hawes for Defendant and Respondent.

## OPINION

CHARGIN, J.*—The principal issues presented by this case are: (1) a man's right to bring an action for the purpose of obtaining a judicial determination that he is the natural father of a child born out of wedlock, and (2) the nature and extent of the rights possessed by a natural father of a child born out of wedlock to require that child to change its surname from that of its natural mother to that of its natural father, against the objection of the natural mother.

We recount the factual background of this litigation. Defendant Evna M. (hereafter referred to as defendant mother) gave birth to a female child on November 2, 1971, whom she named Shalene M.[1] Three years later on November 24, 1974, plaintiff herein, Donald J., commenced a declaratory relief action pursuant to former section 231 of the Civil Code[2] to have himself declared the father of this child. In the complaint in that action plaintiff alleged that he and defendant mother never had been married to each other, that he was the natural father of Shalene, that at all times he had claimed to be the child's natural father and that he had done all things necessary to legitimate the child. By accompanying declaration, plaintiff stated that he had cohabited with defendant mother both prior and subsequent to the birth of the child, that he had visited the child regularly since her birth, that he had accepted the child into his family and that he had supported the child.

An order was filed in the declaratory relief action on February 25, 1975, which provided in pertinent part: "It is stipulated that Plaintiff DONALD [J.], is the natural father of the minor child, SHALENE . . . , born November 2, 1971, to defendant Evna [M.] . . . ." Additionally, the order granted plaintiff visitation rights with Shalene and required plaintiff to provide child support and medical and hospitalization insurance for the child. Plaintiff regularly exercised his visitation rights and provided support and insurance in accordance with the order of the court.

---

*Assigned by the Chairperson of the Judicial Council.

[1]When Shalene was born defendant mother's surname was M., and this is the surname she gave Shalene. Sometime thereafter, but prior to the commencement of this action, defendant mother took on the hyphenated surname of M. . .; however, there was no change of Shalene's surname.

[2]Former section 231 of the Civil Code provided in pertinent part: "An action may be brought for the purpose of having declared the existence or nonexistence between the parties of the relation of parent and child, by birth or adoption." (Added by Stats. 1921, ch. 136, § 1, p. 137 and repealed by Stats. 1975, ch. 1244, § 9, p. 3196, eff. Jan. 1, 1976.)

On March 9, 1976, plaintiff caused to be filed an order to show cause in which he sought clarification of his visitation rights. Embodied in this order to show cause was a request by plaintiff to have the court enter a judgment (1) determining that plaintiff is the natural father of Shalene, (2) directing that Shalene use plaintiff's surname and (3) ordering the correction of the birth certificate of the child. These three issues appended to the order to show cause form the subject matter of the instant case.

Defendant mother contested all of plaintiff's requests. After a hearing at which no testimony was presented, an order was filed on April 15, 1976, in which the court resolved the dispute concerning the visitation rights and dismissed the causes of action for a determination of paternity and for a correction of the birth certificate on the ground that these two causes of action were not properly before the court. The court then allowed plaintiff time to file points and authorities with regard to the cause of action seeking to require Shalene to change her surname to that of plaintiff.

On July 9, 1976, a minute order was entered which provided: "IT IS ORDERED that the plaintiff's request for order requiring the use of his name by the minor child is denied. Use of name cannot be prohibited unless fraud involved." Plaintiff then appealed from this minute order. Thereafter, a formal written judgment was entered denying plaintiff's request that Shalene be required to change her surname to that of plaintiff; the judgment made no mention of the court's earlier dismissal of the causes of action for a determination of paternity and for a correction of the birth certificate.

I

At the outset we are confronted by several procedural matters.

First, plaintiff's requests for a determination of paternity, a change of Shalene's surname and a correction of the child's birth certificate were embodied in an order to show cause for a clarification of visitation rights. ▉ An order to show cause is, in effect, a notice of motion. (*Difani* v. *Riverside County Oil Co.* (1927) 201 Cal. 210, 213 [256 P. 210]; *McAuliffe* v. *Coughlin* (1894) 105 Cal. 268, 270 [38 P. 730]; *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 483 [114 Cal.Rptr. 356].) ▉ A motion is distinguishable from the more formal application for relief by petition or complaint. (*People* v. *Ah Sam* (1871) 41 Cal.

645, 650; *Harris* v. *Board of Education* (1957) 152 Cal.App.2d 677, 682 [313 P.2d 212]; *Colthurst* v. *Harris* (1929) 97 Cal.App. 430, 432 [275 P. 868].) A motion is not an independent right or remedy; it is confined to incidental matters in the progress of a cause. A motion relates to some question that is collateral to the main object of the action and is connected with and dependent upon the principal remedy. (*People* v. *Sparks* (1952) 112 Cal.App.2d 120, 121 [246 P.2d 64].) It is not consonant with regular procedure to raise in a motion wholly distinct and independent matters which generally should be the subject of a formal petition or complaint. (See 56 Am.Jur.2d (1971) Motions, Rules, and Orders, § 4, p. 5.) It cannot be seriously disputed that plaintiff's requests for a determination of paternity, a change of Shalene's surname and a correction of the child's birth certificate should have been raised in a formal complaint separate and independent of the order to show cause for a clarification of visitation rights. Nevertheless, since defendant mother has not complained of the pleading irregularity in the instant case, we shall treat these three requests made by plaintiff as having been raised in a formal complaint separate and independent of the order to show cause. (See *Cal. T. I. & T. Co.* v. *P'dm't Cable Co.* (1897) 117 Cal. 237, 240 [49 P. 1].)

Second, plaintiff's notice of appeal was filed before the entry of the trial court's judgment. Pursuant to rule 2(c) of the California Rules of Court we will treat the premature notice of appeal as having been filed immediately after the rendition of that judgment. (*Knodel* v. *Knodel* (1975) 14 Cal.3d 752, 759, fn. 9 [122 Cal.Rptr. 521, 537 P.2d 353]; *Marcotte* v. *Municipal Court* (1976) 64 Cal.App.3d 235, 239 [134 Cal.Rptr. 314].)

Third, a final judgment has not been entered in the instant case. Plaintiff's requests for a determination of paternity, a change of Shalene's surname and a correction of the child's birth certificate were brought in a single action; none of the three requests can be said to be a collateral matter distinct and severable from the general subject of the litigation. (See *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297]; *Meehan* v. *Hopps* (1955) 45 Cal.2d 213, 216-217 [288 P.2d 267]; *In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 735 [137 Cal.Rptr. 568]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 38, p. 4052.) Nor is this a case where there can be separate appealable judgments belonging to different parties. (See *Wilson* v. *Sharp* (1954) 42 Cal.2d 675, 677 [268 P.2d 1062]; *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785, 789 [264 P.2d 5, 41 A.L.R.2d 1037]; 6 Witkin,

Cal. Procedure (2d ed. 1971) Appeal, §§ 42, 48, pp. 4057, 4063.) As such it is necessary that one final judgment dispose of plaintiff's three causes of action. (See *Tenhet* v. *Boswell* (1976) 18 Cal.3d 150, 153 [133 Cal.Rptr. 10, 554 P.2d 330]; *Knodel* v. *Knodel, supra,* 14 Cal.3d 752, 760; *Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 701-702 [128 P.2d 357]; *In re Marriage of Van Sickle, supra,* 68 Cal.App.3d 728, 734-735; *U.S. Financial* v. *Sullivan* (1974) 37 Cal.App.3d 5, 11 [112 Cal.Rptr. 18]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 36, 46, 47, pp. 4050, 4060.) The judgment entered by the trial court merely purports to dispose of the change of surname issue; the judgment fails to reflect the earlier dismissal of plaintiff's requests for a determination of paternity and a correction of the birth certificate. In accordance with standard practice we will amend the trial court's judgment to reflect the dismissal of these two matters. (*Tenhet* v. *Boswell, supra,* 18 Cal.3d 150, 154-155; *Gombos* v. *Ashe* (1958) 158 Cal.App.2d 517, 523-524 [322 P.2d 933].)

## II

■ Turning to the merits of this appeal we initially conclude that the trial court erred in dismissing plaintiff's cause of action for a determination that he is the natural father of the child Shalene.

Section 7006 of the Civil Code allows a man in the position of plaintiff to bring an action to determine that he is the natural father of a particular child.[3] (See Civ. Code, § 7006, subds. (a), (b) and (c); see also *In re Tricia M.* (1977) 74 Cal.App.3d 125, 135-136 [141 Cal.Rptr. 554]; *Griffith* v. *Gibson* (1977) 73 Cal.App.3d 465, 471 [142 Cal.Rptr. 176]; *Adoption of Rebecca B.* (1977) 68 Cal.App.3d 193, 198, fn. 4 [137 Cal.Rptr. 100].) Nevertheless, the trial court dismissed plaintiff's cause of action for a determination that he is the natural father of Shalene on the ground that the cause of action was not properly before the court. But, as will become apparent from the discussion that follows, the trial court should not have summarily dismissed this cause of action since an important factor in plaintiff's cause of action to require Shalene to change her surname to that of plaintiff was a judicial determination that plaintiff is the natural father of Shalene.

---

[3]Section 7006 of the Civil Code was effective as of January 1, 1976; plaintiff's request for a judicial determination that he is the natural father of Shalene, which was embodied in the order to show cause, was brought approximately two months later on March 9, 1976. The fact that plaintiff and defendant mother previously had stipulated that plaintiff is the natural father of Shalene does not prohibit plaintiff from bringing an action for a determination of paternity under section 7006 of the Civil Code. (See Civ. Code, § 7006, subd. (d); *Everett* v. *Everett* (1976) 57 Cal.App.3d 65, 71, fn. 9 [129 Cal.Rptr. 8].)

If plaintiff is not the natural father of Shalene his right to object to that child's use of a surname generally would be limited to those situations where, for a fraudulent purpose, the child was using a surname that was detrimental to the interests of plaintiff. (See *Weathers* v. *Superior Court* (1976) 54 Cal.App.3d 286, 288-289 [126 Cal.Rptr. 547]; *In re Weingand* (1964) 231 Cal.App.2d 289, 293-294 [41 Cal.Rptr. 778]; *In re Useldinger* (1939) 35 Cal.App.2d 723, 727 [96 P.2d 958]; 65 C.J.S. (1966) Names, § 11(1), pp. 25-26; see also *Montandon* v. *Montandon* (1966) 242 Cal.App.2d 886, 888-889 [52 Cal.Rptr. 43]; 57 Am.Jur.2d (1971) Name, § 10, p. 282.) On the other hand, if plaintiff can establish that he is the natural father of Shalene he would have more legal rights to control the child's use of a surname than if he were not the natural father of the child. We now proceed to discuss the exact nature and extent of these rights.

There is no statute in California requiring parents, whether married or unmarried, to give their child any particular surname. Nor has any California case spoken to the question of what surname is to be assumed by a child at birth. However, the reported cases of other states indicate that the widespread custom in this country is to give the child born in lawful wedlock the surname of its father and to give the child born out of wedlock the surname of its mother. (*Secretary of Com.* v. *City Clerk of Lowell* (1977) — Mass. — [366 N.E.2d 717, 725]; *Doe* v. *Dunning* (1976) 87 Wn.2d 50 [549 P.2d 1, 3]; *Sobel* v. *Sobel* (1957) 46 N.J.Super. 284 [134 A.2d 598, 600]; *Kay* v. *Bell* (1953) 95 Ohio App. 520 [121 N.E.2d 206, 208-209]; *Pintor* v. *Martinez* (Tex.Civ.App. 1947) 202 S.W.2d 333, 335; *Buckley* v. *State* (1923) 19 Ala.App. 508 [98 So. 362, 363].)

There is nothing to suggest that this custom is not prevalent in California. In fact, in several California cases where the mother of a child born in lawful wedlock tried to change her child's surname from that of the child's natural father to that of her second husband the appellate courts recognized that the father of a child born in lawful wedlock has a primary right or protectible interest in having his child bear his surname in accordance with the usual custom of succession to paternal surname. (*In re Trower* (1968) 260 Cal.App.2d 75, 77 [66 Cal.Rptr. 873]; *In re Worms* (1967) 252 Cal.App.2d 130, 134-135 [60 Cal.Rptr. 88]; *Montandon* v. *Montandon, supra,* 242 Cal.App.2d 886, 890-891; *In re Larson* (1947) 81 Cal.App.2d 258, 262 [183 P.2d 688].) ▇ Thus, absent a statute to the contrary, it would appear that the common law of this state is that a father of a child born in lawful wedlock has a primary right or protectible interest in having that child bear his surname while the mother of a child

born out of wedlock has a primary right or protectible interest in that child bearing her surname.

However, effective January 1, 1976, this state adopted the California Uniform Parentage Act (Civ. Code, div. 4, pt. 7, §§ 7000-7018).[4] Under that act "[t]he parent and child relationship extends equally to every child and every parent, regardless of the marital status of the parents." (Civ. Code, § 7002; accord *Griffith* v. *Gibson, supra,* 73 Cal.App.3d 465, 470.) The major premise of the act is ". . . that regardless of the marital status of the parents, all children and all parents have equal rights with respect to each other." (U. Parentage Act, § 2, Comrs. com.; accord *Estate of Wilts* (1978) 80 Cal.App.3d 599, 604 [145 Cal.Rptr. 759]; *Griffith* v. *Gibson, supra,* 73 Cal.App.3d 465, 470.)

■ With the adoption of the California Uniform Parentage Act no longer can it be said that a parent has a primary right or protectible interest in having his or her child bear and maintain that parent's surname merely because of the parent's sex and marital status with respect to that child's other parent at the time the child is born. The controlling consideration in determining whether a change in a child's surname should be ordered against the objection of one of the parents, is the welfare of the child. (See 57 Am.Jur.2d (1971) Name, § 14, p. 284.) Thus, where a child has used a particular surname for a substantial period of time without objection by either natural parent, the court, upon petition of one of the natural parents to change the child's surname over objection of the other natural parent, should exercise its power to change the child's surname reluctantly, and only where the substantial welfare of the child requires the change. (See Annot., Names—Children—Rights of Parents (1957) 53 A.L.R.2d 914, 916; see also *In re Trower, supra,* 260 Cal.App.2d 75, 77; *In re Worms, supra,* 252 Cal.App.2d 130, 134-135; *Montandon* v. *Montandon, supra,* 242 Cal.App.2d 886, 890-891.)

■ It is clear from the above discussion that if plaintiff is the natural father of Shalene he has more legal rights to control the child's use of a surname than if he were not the natural father of the child. The trial court litigated the change of surname issue on the merits and decided that no change of Shalene's surname was necessary since the child was not using

---

[4]While section 7000 of the Civil Code provides that part 7 of division 4 of the Civil Code may be cited as the Uniform Parentage Act, good citational practice requires the addition of the prefix "California" to distinguish the California act from the Uniform Parentage Act prepared and sponsored nationally and which uses different numbering. (See *Goldie* v. *Bauchet Properties* (1975) 15 Cal.3d 307, 314 [124 Cal.Rptr. 161, 540 P.2d 1]; Formichi, Cal. Style Manual (2d rev. ed. 1977) Citations, § 46, p. 25, fn. 4.)

her existing surname for a fraudulent purpose. It is obvious that in making this determination the trial court treated plaintiff as though he were not the natural father of Shalene. Plaintiff should have been permitted to obtain, on the merits, a judicial determination of whether he is the natural father of Shalene, thus giving him an opportunity to come within the more advantageous rights accruing to the natural parent of a child to control the child's use of a surname. Plaintiff was prevented from doing this because of the trial court's dismissal of his paternity cause of action on the erroneous belief that the cause of action was not properly before the court.[5]

## III

The error in dismissing the paternity cause of action also permeates the determination against plaintiff on the change of surname issue, necessitating a reversal of that determination. As previously pointed out, the trial court, in resolving the change of surname issue adversely to plaintiff, did not apply the legal standard to be used in a case where a natural parent is seeking to change his or her child's surname against the objection of the child's other natural parent. If plaintiff is successful in proving that he is the natural father of Shalene he is entitled to have the change of surname issue redetermined in light of the appropriate standard (cf. *Tomei* v. *Henning* (1967) 67 Cal.2d 319, 324 [62 Cal.Rptr. 9, 431 P.2d 633]); we therefore reverse the decision on the change of surname issue for that purpose (cf. *In re Marriage of Van Sickle, supra,* 68 Cal.App.3d 728, 743).

## IV

■ However, it was proper for the trial court to dismiss plaintiff's cause of action for a correction of Shalene's birth certificate since that cause of action was premature. If plaintiff is successful in obtaining a judicial determination directing Shalene to change her surname to that of plaintiff, without any further court action, plaintiff could take a certified copy of the court judgment, along with the appropriate application and fee, to the State Registrar for filing. The State Registrar would review the papers and, if accepted, would file the papers and then note the change of surname on the otherwise unaltered original birth certificate. (Health &

[5]When plaintiff's cause of action for a determination that he is the natural father of Shalene is tried on the merits plaintiff may attempt in a plea of res judicata to assert offensively the stipulation that he is the natural father of Shalene which appears in the order in the declaratory relief action. At this time we express no opinion as to the effect of that order or as to the propriety of such a plea.

Saf. Code, §§ 10470, 10471; see also Health & Saf. Code, § 10450.) Unless, and until, plaintiff obtains the appropriate court judgment requiring Shalene to change her surname to that of plaintiff, and the State Registrar refuses to correct the child's birth certificate, plaintiff does not have a cause of action to compel the correction of Shalene's birth certificate. (See *Communist Party* v. *Peek* (1942) 20 Cal.2d 536, 540 [127 P.2d 889]; *Metropolitan Life Ins. Co.* v. *Rolph* (1920) 184 Cal. 557, 561-562 [194 P. 1005].) Nor has plaintiff alleged or otherwise contended that it is clear that the State Registrar does not intend to change the surname on Shalene's birth certificate to that of plaintiff if, and when, the time to do so arrives. (See *Knoll* v. *Davidson* (1974) 12 Cal.3d 335, 343, fn. 6 [116 Cal.Rptr. 97, 525 P.2d 1273]; *Young* v. *Gnoss* (1972) 7 Cal.3d 18, 21, fn. 4 [101 Cal.Rptr. 533, 496 P.2d 445].)

V

It is ordered that the judgment dated August 24, 1977, be and it is hereby amended to read as follows: "It is ordered, adjudged and decreed that defendant Evna M. have judgment of dismissal against plaintiff Donald J. on the cause of action for a determination that plaintiff Donald J. is the natural father of Shalene M. and on the cause of action for a correction of the birth certificate of Shalene M.; it is further ordered, adjudged and decreed that defendant Evna M. have judgment against plaintiff Donald J. on the cause of action for a change of Shalene M.'s surname to that of plaintiff Donald J."

As amended, that portion of the judgment dismissing plaintiff's cause of action for a determination that he is the natural father of Shalene M. and that portion of the judgment determining in favor of defendant and against plaintiff the cause of action for a change of Shalene M.'s surname to that of plaintiff are reversed; in all other respects the judgment is affirmed. Plaintiff shall recover his costs on appeal.

Brown (G. A.), P. J., and Franson, J., concurred.