In re the Name of Arwen Marie STA-ROS, Petitioner, by her next friend, Patricia B. Sheppard, Appellant.

No. 62342.

Supreme Court of Iowa.

June 27, 1979.

Sharon A. Mellon of Student Legal Services, Iowa City, and Mary E. W. Robinson, Cedar Rapids, for appellant.

Bruce Washburn, Iowa City, guardian ad litem for petitioner child.

James V. Staros, natural father of petitioner child, pro se.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS and ALLBEE, JJ.

REES, Justice.

This appeal is brought by Patricia B. Sheppard, the mother and next friend of Arwen Marie Staros, a minor, from the order of the trial court dismissing her petition to change the minor's name to Arwen Marie Sheppard-Staros. We conclude chapter 674, The Code 1977, under which the action was brought, does not permit the granting of the relief sought, and affirm the trial court.

The sole issue involved in this case is whether the district court erred in dismissing the petition for change of name of Arwen Marie Staros brought by her mother as next friend. The district court concluded that minors and/or persons under civil disability are not authorized to petition for a change of name under existing Iowa law and that § 674.1, The Code 1977, thus did not permit the court to reach the merits of the petition.

The appellant, Patricia B. Sheppard, was divorced from James V. Staros in April of 1975. Ms. Sheppard was awarded custody of the couple's daughter, Arwen Marie. The mother later had her name changed to Patricia Bruno Sheppard in April of 1976. At that time Ms. Sheppard also desired to change the name of her minor daughter,

but felt she was unable to do so due to the lack of the father's consent.

Chapter 674, The Code 1977, was amended by the 67th General Assembly to permit a change in a minor's name without the consent of both parents if the court found the change appropriate. Section 674.6, The Code 1977. As the petitioner's next friend, Ms. Sheppard filed an application for change of name on behalf of her minor daughter on April 4, 1978, requesting that petitioner's name be changed from Arwen Marie Staros to Arwen Marie Sheppard-Staros.

Upon receipt of notice of the application for change of name, the natural father of the child, James V. Staros, directed a letter to the Johnson County clerk of court objecting to the change of name and requesting that he be afforded a hearing on the matter.

Hearing was held on July 14, 1978, and an order issued the same day dismissing the petition. The district court concluded that § 674.1, The Code 1977, prohibited minors from petitioning for a change of name. Therefore the merits of the petitioner's application for change of name could not be reached. Ms. Sheppard filed a timely appeal from the order of the district court. We address only the issue as to whether the court was correct in entering the order of dismissal.

As this is a matter sounding in equity, our review is de novo. Iowa R.App.P. 4.

I. Section 674.1, on which the district court relied, states: "Any person under no civil disabilities, who has attained his or her majority, desiring to change his or her name, may do so by filing a verified petition as provided in this chapter." It is clear from the language of the statute that a minor may not petition in his or her own right for a change of name.

Ms. Sheppard contends that her petition, brought under her relationship as next friend of Arwen Marie Staros, is authorized by rule 12, Iowa R.Civ.P. Rule 12 states that an action of a minor shall be brought by his or her guardian or next friend. She

further argues, in effect, that § 674.1, The Code, merely restates the proposition that minors or infants are under a civil disability to conduct their own legal proceedings and that rule 12 allows them to appear by one acting in their interest who is not under a civil disability. *In re Beghtel's Estate,* 236 Iowa 953, 957–58, 20 N.W.2d 421, 423–24 (1945).

The district court found support, as do we, for its conclusion in the provisions of § 674.6, The Code 1977, which it construed as providing the sole means by which a minor's name could be changed. That statute provides for the change of a minor's name only in the context of a change in name of one of the minor's parents:

> If the petitioner includes a minor child under fourteen in the petition filed in accordance with this chapter, both parents as stated on the birth certificate of the minor child shall file their written consent for the name change. If both parents do not file their consent, the court shall decide the appropriateness of the change of the minor child's name.

If the legislature had intended §674.1 to allow the guardian or next friend of a minor to bring an action for change of name on behalf of a minor or one under a civil disability, it would have enacted other provisions regarding the manner in which such a change could be effectuated. Our evaluation of the statute as a whole leads us to the result reached by the district court regarding legislative intent. We can but conclude that the only opportunity for a change of name which chapter 674 affords a minor is coincident with the name change of one of the minor's parents. Such is not the case here.

Were it not for the limitation inherent in chapter 674 regarding minors, petitioner's action would be authorized by rule 12 of the Iowa Rules of Civil Procedure. The legislature has provided some guidance in construing conflicting code sections in § 4.7, The Code, which provides in relevant part: "If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provi-

sion." This statute is consistent with our judicially established rules of construction. *Doe v. Ray,* 251 N.W.2d 496, 501 (Iowa 1977). The provisions of ch. 674 are the most specific of the conflicting statutes and thus prevail. The district court did not err in dismissing this petition brought under ch. 674.

We are cognizant that only one other jurisdiction, New Mexico (N.M.Stat.Ann. § 40–8–1), does not allow a minor to obtain a change of name regardless of whether the action is brought by the minor's guardian or next friend, and that the overwhelming majority of states would permit such an action. *See, e. g., Hall v. Hall,* 30 Md.App. 214, 351 A.2d 917 (1976); *Application of Trower,* 260 Cal.App.2d 75, 66 Cal.Rptr. 873 (1968). Yet, our function is limited to the construction of statutes, not to questioning the wisdom of the legislature and rewriting provisions. *Doe v. Ray,* 501 of 251 N.W.2d.

Ms. Sheppard cites *Loser v. Plainfield Savings Bank,* 149 Iowa 672, 128 N.W. 1101 (1910), for the proposition that, in the absence of a restrictive statute, the court would defer to the common law right to a change of name in the absence of fraud. That case involved an adult petitioner who was not subject to the statutory strictures now applicable to minors under ch. 674, and does not overcome the statutory language therein.

It is also generally accepted that at common law a minor had the right to change his or her name without legal formality. *Doe dem. Luscombe v. Yates,* 5 B. & Ald. 544, 106 E.Rep. 1289 (1882); *Laks v. Laks,* 25 Ariz.App. 58, 540 P.2d 1277 (1975); *Application of Shipley,* 26 Misc.2d 204, 205 N.Y.S.2d 581 (1960); *In re Useldinger,* 35 Cal.App.2d 723, 96 P.2d 958 (1939); *Bruguier v. Bruguier,* 12 N.J.Super. 350, 79 A.2d 497 (1951); *Marshall v. Marshall,* 230 Miss. 719, 93 So.2d 822 (1957); *Kay v. Kay,* 51 Ohio Op. 434, 112 N.E.2d 562 (1953); *Contra, Application of Trower,* 260 Cal.App.2d 75, 66 Cal.Rptr. 873 (1968). In the absence of legislative enactment regarding a subject matter, the common law is in force in this state. *Iowa Civil Liberties Union v. Critel-*

*li,* 244 N.W.2d 564, 568 (Iowa 1976). While the initial provision of § 674.1 is permissive ("may") and may not be indicative of legislative intent to totally preempt the common law regarding name changes, we need not make such a determination. This action was filed pursuant to ch. 674 and the language of ch. 674 clearly limits access of minors to the district court for changes of name brought under the chapter. Petitioner's application for a change of name pursuant to said chapter was properly dismissed by the trial court.

II. The petitioner seeks, on appeal, to raise an equal protection argument regarding the limiting language of § 674.1 for the first time. However sympathetic we may be, we will not address issues, even of constitutional magnitude, not presented to the trial court. *Foods, Inc. v. Leffler,* 240 N.W.2d 914, 919 (Iowa 1976).

III. In conclusion, we hold that chapter 674 does not permit an action by a minor, or the minor's guardian or next friend, for a change of name unless one parent of the minor is concomitantly petitioning for a name change.

The action of the trial court in dismissing the petition in this case is affirmed.

AFFIRMED.