**Susan Jeanne GAIL, Natural Mother and Next Friend of Henry William Winemiller, Appellee,**

v.

**Richard D. WINEMILLER, Appellant.**

**No. 90–27.**

Court of Appeals of Iowa.

Nov. 29, 1990.

John R. Webber, III of McKay, Moreland & Webber, P.C., Ottumwa, for appellant.

Dennis W. Emanuel of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Susan Gail and Richard Winemiller were married in 1981. They have one child, Henry, born on December 14, 1982. The parties separated in 1985. On October 25, 1985, Richard was charged with first-degree murder. He was convicted and sentenced in May, 1986, and is currently serving a life sentence. The parties' marriage was dissolved by decree on October 20, 1986. The decree awarded custody of Henry to Susan, subject to reasonable visitation by Richard. Richard was ordered to pay child support of $30 per week.

On April 12, 1989, Susan, as mother and next friend of Henry, filed a petition to change the name of Henry William Winemiller to Henry William Gail. Richard objected. Following hearings on the matter, the district court granted the petition and Richard appeals.

---

We agree with the district court's conclusion that Richard has failed to contribute to Henry's support without good cause and now affirm.

As this is a matter sounding in equity, our review is de novo. *In re Staros,* 280 N.W.2d 409, 410 (Iowa 1979); Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7).

Iowa Code Chapter 674 (1989) governs the changing of names. Section 674.1 allows a parent to file a verified petition requesting a name change on behalf of a minor child of the parent. If one of the parents of the minor child does not consent to the name change, section 674.6 requires the matter be set for hearing.

At the hearing the court may waive the requirement of consent as to one of the parents if it finds:

1. That the parent has abandoned the child;

2. That the parent has been ordered to contribute to the support of the child or to financially aid in the child's birth and has failed to do so without good cause; or

3. That the parent does not object to the name change after having been given due and proper notice.

Iowa Code § 674.6.

The district court granted the petition for a name change on three grounds: 1) Richard had abandoned Henry; 2) Richard had failed to pay child support without good cause; and 3) it was in Henry's best interest to have a name change because of the embarrassment and stigma attached to Richard's murder conviction. Richard challenges all of these findings. If the evidence is sufficient to support the name change on any of the grounds enunciated by the trial court, it should be upheld. *Cf. In the Interest of Kelley,* 262 N.W.2d 781, 785 (Iowa 1978).

The trial court found Richard had made no child support payments as required by the dissolution decree. The court concluded the failure to contribute to Henry's support was without good cause. Richard does not dispute he has made no child support payments. However, he contends "good cause" exists for his nonpayment of child support because he is financially unable to pay based on his salary at the penitentiary. Richard earns between $60 and $80 per month working at the penitentiary and claims $40 to $60 per month must be used for expenses. This court recognizes Richard's financial plight and might have been inclined to give credence to his contention had Richard made at least some effort to contribute to the support of Henry, no matter how minimal. We can find no evidence of such an attempt.

In *Kelley,* our supreme court rejected a father's challenge to a termination of parental rights based on failure to support without good cause. The court stated, "Even though his earnings may have been insufficient at times to enable him to pay the full amount ordered, they were almost always sufficient to enable him to pay something." 262 N.W.2d at 785. We conclude Richard's earnings enable him to pay something, no matter how meager, to the support of Henry. Richard has failed to do so. Like the *Kelley* court, we are not sympathetic to Richard's complete abnegation of the court-ordered financial responsibility to Henry and conclude Richard's failure to pay child support is without good cause. Furthermore, we are not persuaded by Richard's attempt to blame Susan for his own failure to support his child.

Because we agree with the trial court's conclusion that Richard has failed to support Henry without good cause, we need not address Richard's remaining challenges.

The grant of the petition for name change is affirmed.

AFFIRMED.