In the Matter of the Application of LESTER J. EPSTEIN, an Infant under the Age of Fourteen Years, by ADDIE ROSE, His Mother and General Guardian, to Assume the Name of LESTER J. ROSE.

City Court of the City of New York, June, 1923.

**Parent and child — when change of child's name after divorced mother's remarriage not granted.**

The mother of a boy now five years of age obtained a foreign divorce from his father on the ground of desertion and now applies on behalf of the boy for leave to change his surname to that of her present husband. The father opposes the application. In denying the motion, *held,* that the court will not interfere with the usual custom of succession to paternal surname nor foster any unnatural barrier between father and son.

APPLICATION for change of name.

*Milton R. Weinberger,* for petitioner.

*William Lyman,* for Harry A. Epstein, in opposition.

CALLAHAN, J.   This is an application made on behalf of a boy, five years of age, by his mother, for leave to change the infant's name. Several years ago the mother obtained a divorce from the father in the state of Nevada on the ground of desertion. She has since remarried and asks that the surname of her present husband (which also happens to be her own family or maiden name) be given to the child. The father of the boy, having received notice of the application, opposes it. The reasons given by the mother for this somewhat unusual request are as follows: (1) That the change will tend to endear the child to the present husband of the mother, with whom he is living; (2) that because her present husband and other members of her family are successful business people the child will benefit from the prestige of their name, and (3) that it will avoid the confusion that would result in school from the fact that the child's name and that of the mother are at present different. The first reason ascribed is purely one of sentiment and, therefore, does not support the application. *Matter of Hamilton,* 10 Abb. N. C. 79. In addition the court knows of no reason why the child should be endeared to another in preference to his natural father. The third reason ascribed appears to be one of convenience to the

mother rather than the child and is wholly insufficient. If it might be said that the infant would receive substantial financial benefits as a result of the remaining ground suggested, that he would not otherwise secure, it might be that the court would, considering the matter solely from the viewpoint of the child's pecuniary advantage, favor the application. No such fact is stated, however. In fact, the present husband of the mother does not even join in the application. Without reciting any of the grounds asserted in opposition to this motion or referring in detail to the provisions contained in the remarkable document labelled an " agreement " concerning the proposed divorce and custody and support of the child, which was made by the parties before the divorce was obtained, the court feels that the motion must be denied on the applicant's own showing on the papers. The unfortunate predicament of this child of parents who so coldly and without apparent thought of its future arranged the dissolution of their marital ties does appeal to this court. The proposal made in the moving papers does not. The child should and in the course of time must know of his parentage. If, when he fully appreciates the circumstances and is capable of selecting a name for himself, he chooses to select the surname of the man termed in the petition as his " stepfather," he may do so. *Smith* v. *United States Casualty Co.*, 197 N. Y. 420. Until then the court will not and should not endeavor to interfere with the usual custom of succession to paternal surname nor foster any unnatural barrier between the father and son. Motion denied. Order signed.

Ordered accordingly.