In the Matter of the Application of ELAINE SLOAN, Petitioner.

Supreme Court, Special Term, Bronx County, January 30, 1953.

*Sol Dubow* for petitioner.

*Max Feigin,* special guardian for incompetent.

MATTHEW M. LEVY, J. The petitioner applies for an order authorizing the change of surname of her two infant children — aged five and six, respectively — from that of the petitioner's maiden name and that of the infant's father's name (which seem to have been used interchangeably) to the surname of the applicant's present husband. The latter has joined in the prayer for the order requested. The natural father (whose marriage from the petitioner was annulled) has been declared incompetent and is a patient in a State hospital. A special guardian, appointed to protect the interests of the ill parent in this proceeding, has refused to consent to the granting of the order. The precise issue here presented does not seem to have been specifically passed upon by an appellate court, and at *nisi prius* the matter has been touched upon only peripherally.

Where an application for change of name is made in behalf of an infant under sixteen years of age, the petition is to be made by both parents, if living, or by the survivor if one is dead (Civil Rights Law, § 60; *Matter of Weiss [Blauvelt]*, 200 Misc. 241; *Matter of Nitzberg* v. *Board of Educ. of City of N. Y.*, 200 Misc. 748; *Schoenberg* v. *Schoenberg*, 57 N. Y. S. 2d 283, mod. and affd. 269 App. Div. 1048, affd. 296 N. Y. 583; *Matter of Epstein*, 121 Misc. 151; *Matter of Ebenstein*, 85 N. Y. S. 2d 261; see *Matter of " P "* v. *Department of Health*, 200 Misc. 1090; cf. *Matter of Wittlin*, 61 N. Y. S. 2d 726, and *Matter of Proman*, 63 N. Y. S. 2d 83). Just this month, a proposal has been introduced to amend the Civil Rights Law, so as to remove from section 60 the language which has been construed as requiring that, where the infant is under the age of sixteen, both parents, if living, must join in a petition for change of name of the infant (Sen. Int. 136, Pr. No. 136, Ass. Int. 307, Pr. No. 307, Jan. 12, 1953█). In the bill as proposed, section 62 is also to be amended so that

notice will be required to be given to the nonpetitioning parent. The thought is to avoid the mandatory joint petition, and to leave it to the court to take into account at all times the best interests of the child (1953 Report of N. Y. Law Revision Commission, N. Y. Legis. Doc., 1953, No. 65 E).

Were the petitioner's present husband — already the *de facto* foster-father — to prosecute proceedings for the formal adoption of the children, not only would their name be changed accordingly, but they would be the beneficiaries of other advantages as well. And, under the suggested method of adoption, the Legislature has specifically indicated that the consent of an incompetent or insane parent is not required (Domestic Relations Law, § 111). The special guardian reports that adoption proceedings are not presently contemplated. Why the petitioner and her spouse apply merely for change of name (inconclusive as this relief is in the matter of fixed jural relationships) rather than by way of definitive adoption proceedings — and there may be valid and compelling reasons why the process of adoption has not been invoked — is not delineated in the moving papers.

Even under the proposed 1953 amendments to sections 60 and 62 of the Civil Rights Law it would still be necessary to have some notice to and representation of the parent, who because of being a mental defective is unable to act for himself. While there are some dicta under existing law to the effect that where a parent is incompetent his consent may be dispensed with (*Matter of Lyons*, 19 N. Y. S. 2d 839), I do not feel that, under the facts here presented, and with the statute as it is today, I can or should overrule the objection or ignore the recommendation of the incompetent's personal and legal representative. A father who willfully abandons and neglects his young and helpless progeny, and ignores his responsibility to them, may well be deemed to have no natural paternal desires — and therefore to have forfeited his normal rights — to the perpetuation of his name. Not so, in the case of a father whose mental state alone precludes parental interest, care and devotion.

The instant application is denied. Settle order, reciting all the papers, and providing for the file to be sealed subject to the further order of the court.