Nevins, J.
This is a proceeding in which the petitioner seeks to change the surname of two infants; one a ten-year-old male, and the other an eight-year-old female; from that of their father to that of the stepfather, pursuant to section 60 of the Civil Eights Law.
After hearing the testimony of the parties, I find the following to be the facts:
This application is made by Julia E. Nunamaker, mother of George S. Simon, Jr., and Sandra D. Simon, both infants under the age of fourteen years, for leave to change their names to George S. Nunamaker and Sandra D. Nunamaker. Julia E. *178 Nunamaker and George S. Simon, Sr., were married on the 8th day of August, 1942; the infant George S. Simon, Jr., was born October 6, 1945, and Sandra D. Simon born October 19, 1947. George Simon and his then wife, Julia, entered into a separation agreement dated the 5th day of September, 1950, by which the custody of the children was given to the wife with the right of weekly visitation by the father. This agreement provided for a contribution towards the support of the children by the father.
The mother obtained a decree of divorce in the Commonwealth of Pennsylvania based upon her residence in Pennsylvania. She claims to have established her residence by visiting Pennsylvania on weekends for the purpose of obtaining a divorce, and marrying her present husband. The divorce decree was entered in the Court of Common Pleas, Tioga County, Pennsylvania, on April 7,1952. On the 19th day of April, 1952, petitioner married Samuel Nunamaker in the State of New York. There were no provisions in the divorce decree relative to the custody of the children. The respondent was served outside the Commonwealth of Pennsylvania with a notice of the commencement of this action. He did not appear therein. The evidence indicates this divorce is vulnerable, but there is insufficient proof to disregard it.
After the marriage of Samuel Nunamaker, the children lived with Samuel Nunamaker and Julia Nunamaker at Knapps Creek, New York.
Since the remarriage of his wife, George Simon has not contributed to the support of his children, nor has any support been demanded of him, the full support of the children being borne by Samuel Nunamaker. The petition was verified by Samuel Nunamaker, and his consent to the change of name was made a part of the petition. He was not present at the hearing.
The father, George Simon, opposes this application, testifying that he loves his children; that he had not made payments towards their support because it had not been requested of him; that he supports his parents. He further testified that due to illness his income as a mail carrier had been low. He appeared strong and healthy. He has the children named as beneficiaries in a small insurance policy, and plans when he is in better financial circumstances to provide for his children, perhaps a college education for the son and medical treatment for his daughter, who is suffering from a congenital heart condition. There is nothing in his past performance to indicate that these are anything more than good intentions. The father visits the *179 children two or three times a month; they call him ‘ ‘ Daddy ’ ’ and his relationship with them is good considering all the circumstances.
The application is made upon the grounds that the children have been known by their acquaintances as Nunamaker, and that it is confusing to have them called Simon. It is claimed that the children have a feeling of insecurity therefrom. The children will make friends under the name of Nunamaker and they will lose the advantage of these associations if their name be not changed at this time, also that in the future their name should be changed so that any property or assets that they will acquire will be acquired under the name by which they are known.
It is claimed that the father’s objection is self-motivated and not in the best interests of the children; that the children themselves would desire such a change.
Upon the hearing, the mother claimed to have tried to use the name of Simon for the children but I do not believe she made much of an effort. The name Simon was used in registering the children at school. I had the distinct impression that she wished to hide the failure of her first marriage, and that her convenience would be promoted more than her children.
I can see no reason why this court should serve the interests of those who arrange their marriage relationship for their own convenience, and seek our aid to relieve them of the embarrassment it gives them.
I find there is nothing in the application to justify the exercise of the court’s discretion. The children are entitled to the love, affection, companionship, support and name of their father. The children can never be confused or embarrassed by the use of the name of their father who loves them and is willing to spend time and effort in their guidance. There can be no stronger bulwark for their character or greater aid to their emotional maturity than to identify themselves with a father who loves them.
I do not find that the interests of the infants will be substantially promoted by the proposed change of name pursuant to section 63 of the Civil Eights Law, and therefore deny the application.
Prepare order accordingly.