In the Matter of STUART C. POLLACK, an Infant. SEYMOUR POLLACK, Appellant; ANNETTE ZIPPER, Respondent.— In a proceeding pursuant to article 6 of the Civil Rights Law for an order changing the surname of an infant son from that of his father to that of his stepfather, the infant's father appeals from an order granting the application. Order reversed on the facts, without costs, and application denied, without costs. The record fails to show. that the proposed change will be of any substantial benefit to the child (Civil Rights Law, § 63). It may be that circumstances will exist when this 10-year-old boy has reached a mature age which will justify the issuance of an order granting the proposed change of name. The father professes love and devotion for his offspring, promises to pay arrears and to resume regular payments for support of the child when permitted visitation and to otherwise demonstrate his affection for his first-born son. To deprive a son of his father's surname is a serious and far-reaching action. Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur. Beldock, J., dissents and votes to affirm, with the following memorandum: Based on a finding that the interests of the 10-year-old infant will be substantially promoted by changing his surname from that of his natural father to that of his stepfather, Special Term granted the application on December 14, 1955. The evidence is sufficient to support that finding. On December 29, 1955 this court denied a stay of the order. The infant's name has been officially changed on his school and other pertinent records. To change his name back to that of his natural father at this time would result in harm rather than promotion of the infant's best interests. If I did not vote to affirm, I would vote to reverse the order and to remit the proceeding for hearing upon the disputed issues raised. Appellant asks no more.

OCEANCREST HOMES, INC., Appellant, v. GOLFBAY COUNTRY CLUB, INC., Respondent.— In an action by the purchaser for specific performance of an agreement to sell real property, the appeals are from (a) so much of an order dated April 4, 1956 as denied a motion to strike out the first six affirmative defenses of the amended answer for patent insufficiency; (b) so much of an order dated March 28, 1956, on reargument, as adhered to the original determination denying a motion to strike out portions of the original answer as frivolous and irrelevant; (c) an order dated March 27, 1956 which denied a motion to strike out portions of the amended answer as frivolous and irrelevant, and (d) an order dated April 4, 1956 which denied a motion to vacate a notice to examine appellant before trial. Order dated March 27, 1956, denying motion to strike out portions of the amended answer, and order dated April 4, 1956, denying motion to vacate notice of examination before trial, and order dated April 4, 1956, insofar as it denied motion to strike out defenses one to six, inclusive, of the amended answer, affirmed, with one bill of $10 costs and disbursements. No opinion. Appeal from order dated March 28, 1956 dismissed, without costs. The original answer has been superseded by the amended answer, and the appeal from the order directed to the original answer has become academic. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.