Harold Baer, J.
This is an application by Eloise McCloud Wing to change her name and the name of her 11-year-old daughter Cheryl Ann Wing to ZaMyyah Ashraf and Hafsah Ashraf, respectively.
The petitioner has been separated and living apart from her husband, Harold Wing, for over two years and the infant has been living with and supported by the petitioning mother.
The petitioner has complied, technically, with the provisions of article 6 of the Civil Rights Law with respect to contents of the petition and notice to the father of the infant. (Civil Rights Law, § 62, as amd. by L. 1953, ch. 690, § 2.) The reason for the requested change is the considered decision of the petitioner to reject Christianity and embrace the Islam religion. She decided to become a Muslim and adopt the Muslim name for which she petitioned. Further, she states that her infant daughter derives ‘ ‘ pleasure in learning and playing together with other Muslim children ” and “ desires to be a Muslim with a Muslim name ”. The child “ attends classes regularly at the Mosque, in addition to attending her daily classes in public school ’ ’.
The right of a person to change her name stems from the common law. A person may assume any name as long as there is no fraud, evasion or interference with the rights of others. This right was not restricted by article 6 of the Civil Rights Law authorizing the change of name by judicial proceedings. Courts should approve a change of name requested by- adult petitioners. (Smith v. United States Cas. Co., 197 N. Y. 420; Matter of Kastenbaum, 44 N. Y. S. 2d 2; Matter of Slobody, 173 N. Y. S. 514; Matter of Wittlin, 61 N. Y. S. 2d 726.) However, *841 the change of name of infants should be approved or disapproved solely on the basis of the best interest of the infant. (Matter of Biegaj, 25 N. Y. S. 2d 85; Matter of Simon, 1 Misc 2d 177; Matter of Wittlin, 61 N. Y. S. 2d 726.)
The Civil Rights Law (§ 60) was amended by chapter 690 of the Laws of 1953 to permit one parent rather than both to make application for change of an infant’s name. However, that amendment did not alter the law that such change will be approved only if ‘ ‘ the interests of the infant will be substantially promoted by the change ” (Civil Rights Law, § 63).
This is a most unusual application for change of name. It is based on a change of religion. It does not appear from the application that a change in name is an essential part of the practice of the religion. However, assuming that it is, there is not a convincing showing of the need for the change in name for the best interest of the infant. On the contrary, such change may have an adverse effect. This child has other family ties. She attends public school. She was born in this country and is a citizen thereof. While the mother may choose a religion and a name to suit her own purposes, she should not be permitted to adopt, with the court’s approval, a name for her infant daughter that will set her apart and seem strange and foreign to her schoolmates and others with whom she will come in contact as she grows up. It may well be that this child wishes to change her name at this time but it will be time enough when she arrives at an age of more mature judgment; when she is able to decide for herself without conflicting pressures. (Matter of Biegaj, supra.)
The adult petitioner may change her name. It will be difficult and perhaps embarrassing for the child to have a name different from her mother but the court will not refuse to grant the mother’s petition if she desires the change. Her petition is granted for leave to change her name to Zakiyyah Ashraf. The petition on behalf of the 11-year-old infant is denied with leave to renew after the infant arrives at the age of 16 years. Submit order.