Lawrence J. Peltin, J.
In this proceeding, an application is made in behalf of a four-year-old boy, by his mother, for leave to change the infant’s name to her maiden name, she having obtained an annulment from the father in this State on the grounds of fraud. The annulment decree provided that custody of the son be given to the mother and that the father pay $10 weekly for the support and maintenance of the infant. The mother contends: (1) that the father never supported the infant; (2) the father has never seen the child; (3) that it would obviate embarrassing explanations in that the child’s name and that of the mother were different. The father, who opposes the application, states that the mother has persistently refused to accept contributions for the support of the infant and has resisted any efforts on his part to see the child. Indeed there is evidence that the father opened a savings bank account in October, 1955, which is held in trust for the child. Moreover, the father professes love for his son and a willingness to support him and to visit with him. The father of the infant has a natural right to have his son bear his name unless the child’s best interests are adversely affected. Moreover the child should in due course know of his parentage and when he has attained a certain maturity in understanding the circumstances, may of his own volition choose a name differently from his birth. (Smith v. United States Cas. Co., 197 N. Y. 420.) “Until then the court will not and should not endeavor to interfere with the usual custom of succession to paternal surname nor foster any unnatural barrier between the father and son.” (Matter of Epstein, 121 Misc. 151, 152; Matter of Cohn, 181 Misc. 1021.)
The court is concerned only with the infant and as such cannot conceive how the best interests of the child will be substantially *196 protected by the proposed change. The mother apparently has not remarried and has resumed the use of her maiden name. Greater embarrassment and hardship would result in the suspicion that the infant was born out of wedlock.
This application is therefore denied with leave to renew upon a change of circumstances affecting the welfare of the child.