Harold Baer, J.
This is an application for a change of
name of an infant born in this city on September 6, 1962. The mother of the infant is the petitioner and she claims that the infant’s father abandoned the petitioner and the infant. Petitioner is now married to Jose Rodriguez and desires to change the surname of the infant from De Jesus to Rodriguez, and that notice to the father be dispensed with.
Change of name of minors should be approved or disapproved solely on the basis of the best interest of the minor (Civil Rights Law, §§ 60, 62; Matter of Wing, 4 Misc 2d 840).
Section 62 of the Civil Rights Law provides for notice of the time and place where the petition will be presented and upon whom such notice must'be served. In 1953 this section was amended to provide, that if any party required to be served (in this case the father) ‘‘cannot be located with due diligence within lihe state, and that such person has no known address without the 'state, then the court may dispense with notice or require notice to be given to such persons and in such manner as the court thinks proper.”
In this petition there is no evidentiary proof of diligence in trying to locate the father. There is only the statement, “ That strenuous efforts to locate Juan Dejesus have proved fruitless and his present whereabouts are unknown”.
It would seem from the petition that it would be for the best interests of the infant to permit this change of name. However, for the best interests of the child and the father, the father of the child should receive some notice, at least by publication in a newspaper that is likely to be read by him and his associates.
This raises another problem. May this court designate a paper printed in the Spanish language whidh the party involved is likely to read, or must the order and notice be printed in the New York Law Journal1
Subdivision 1 of section 91 of the Judiciary Law vests in the Appellate Division, First Department, the power to designate a daily law journal in which calendars shall be published, ‘ ‘ together with every notice and advertisement of judicial proceedings which shall be required to be published in one or more papers in such judicial department ’ ’.
Rule I of Part 2 of the Rules of the Appellate Division, First Department, requires that court notices and orders required to be published must be so published in a newspaper designated by the Appellate Division. The Appellate Division does pub *835 lish a list of “ designated” papers. It also divides that list into two categories: one contains English language papers with circulation in excess of 25,000, and the other contains papers with a lesser circulation or printed in a foreign language. If papers on the latter list are ¡selected for publication, a reason must be given showing why it is more apt to give the required notice.
Finally, section 63 of the Civil Eights Law, which makes provision for the contents of the change of name order, states with respect to publication: " Such order shall also direct the publication * * * of a copy thereof in a designated newspaper, in the county in which the order is directed to be entered, at least once ’ ’.
There would seem to be a conflict. If the court is of the opinion that notice would most likely reach the party involved in a paper published in the language he is most likely to read and that it is desirable to require only one publication, then there is conflict between subdivision 1 of .section 91 of the Judiciary Law and section 63 of the Civil Rights Law as quoted above. On the other hand, under the facts of this application there is ample justification for publication in a foreign language newspaper, designated by the Appellate Division.
It would seem, where the cost of more than one publication is not justified under the circumstances, the restrictions in subdivision 1 of section 91 of the Judiciary Law, which is limited to only the First Department, must give way to the broader coverage of section 63 of the Civil Rights Law.
The attached order is signed and the paper designated to give the most likely notice to the parties involved is El Diario.