Albert Orenstein, J.
Petitioner brings this proceeding to change the names of her two sons by a previous marriage pursuant to article 6 of the Civil Rights Law.
She seeks to change the surname from that of the natural father to the surname of the stepfather, her present husband. The children are eight and two years of age.
Petitioner was married for the first time in 1955 to James L. Keach at the age of 16. Their first son was born on January 17, 1958. Thereafter, and in December, 1959, the petitioner obtained an annulment of this marriage with James L. Keach, and on or about June 15,1962, she remarried him. A second son was born on August 3, 1963.
On March 8, 1965, petitioner and James L. Keach entered into a separation agreement under the terms of which the petitioner was given custody of the two sons, with “ reasonable visitation rights to the father He also agreed to pay $15 each week for the support of the children, and all of the medical, hospital and dental bills.
On April 21, 1965, petitioner obtained a Mexican divorce, wherein the separation agreement was ratified and made a part of the decree.
*1098 About four months later she married Herman Meury, and now brings this proceeding to change the surnames of the two sons from “ Reach ” to “ Meury
The grounds set forth in her petition for the change of name are that the older son, attending elementary school, would be embarrassed by the difference between his name and the name of his mother, and that it would give him a feeling of insecurity; that it would be a burden to explain the reason for the difference in names and set him apart from his classmates. She further alleges that the same problem will face the younger son who is now two years of age.
The natural father submitted an affidavit objecting to the change upon the ground that he was the natural father of the children, he has always supported them, and is deeply attached to them, and that as the natural father they should bear his name.
A hearing was held for the taking of testimony. Petitioner called Dr. Arnold Berger, Director of Pupil Personnel of the Syracuse School System, and Dr. Abraham Halpern, a psychiatrist. Both these witnesses were experienced in their respective fields, but their testimony added little to the petitioner’s position that it would be in “ their best interest ” for the children to assume the name of their stepfather.
Petitioner and her second husband testified, as did the natural father, James L. Reach. All indicated a sincere affection for the two children involved. The natural father significantly stated that he objected particularly to the change of name at this time because he felt that the petitioner was unstable and that it was a likelihood that her third marriage might fail and the children would be faced with a similar situation in the future.
It appears that the petitioner has registered the oldest child in elementary school under the proposed new name.
Upon examination of all of the affidavits submitted, and hearing the testimony submitted by both parties, the court is of the opinion that there are logical, reasonable objections to the proposed change, and it would not be in the best interest of the children to permit the change.
The proof elicited at the hearing satisfies this court that the natural father of the children has contributed regularly, as he agreed to, for their support; has exercised his rights of visitation, and manifests a sincere affection and devotion for them. In no sense has he abandoned them or surrendered the natural ties of parental association. Further, there was no proof of any misconduct on the part of the natural father which might make the continued use of his name by the children shameful or disgraceful. (Matter of Wittlin, 61 N. Y. S. 2d 726; Matter of Otis [Weiss] 204 Misc. 1073.)
*1099 A change of name might tend to disturb the bonds of affection and love which now apparently exist between the father and the children. (Matter of Wittlin, supra.) Furthermore, in the present case there are two children, eight and two years of age, who certainly are far from the age when they can exercise mature discretion in choosing the name they wish to use. (Matter of Hinrichs [Beinecke], 41 Misc 2d 422; Matter of Shipley, 26 Misc 2d 204; Matter of Otis [Weiss], supra; Matter of Pollack, 2 A D 2d 756.)
It has been repeatedly held that a father cannot be arbitrarily deprived of his right to have his children use his name unless it is in the best interest of the children that such a change be made. (Galanter v. Galanter, 133 N. Y. S. 2d 266.)
The grounds presented in the present hearing are not sufficient cause to change the children’s names. (Matter of Seif, 40 Misc 2d 596; Matter of Simon, 1 Misc 2d 177; Matter of Epstein, 121 Misc. 151.)
For the reasons above stated, the application for the change of name of James Lewis Keach, Jr., and Donald Michael Keach, both infants under the age of 14 years, is denied.
However, since the oldest child, James Lewis Keach, Jr., has been enrolled under the surname of his stepfather (Meury), the order to be prepared in accordance with this decision shall not become effective until the termination of the said child’s present school term.