Noah Goldstein, J.
Petitioner, Anita Tessner, makes this application pursuant to section 60 of the Civil Eights Law, on notice to her former husband, father of the infant, for leave to assume her maiden name, to wit: Anita Mitnick and for leave to change her infant son’s name to Eobert Mitnick.
*175 While petitioner’s former husband does not oppose her application to assume her maiden name, he does, however, oppose the application to change the infant’s name on the ground that there is no need for such change and requests that the court hold the matter in abeyance pending his release from Elmira Penitentiary.
The marriage between the petitioner and the infant’s father ended in a divorce by a decree in her favor in which she was awarded absolute custody of the infant without any visitation rights to the father.
The petitioner testified in support of this application at a hearing held before the court. From the evidence, it appears that the father is now confined to Elmira Penitentiary to which he was sentenced when convicted of the crime of manslaughter. On December 9, 1964, he killed the infant’s maternal grandfather (petitioner’s father), by choking him to death. To date the father has manifested no particular interest in the infant or in his welfare and the infant, now five years of age, has no knowledge of his father.
The petitioner urges that it would be in the infant’s best interest to relieve him of any connection with the tragic event by permitting him to change his name. To continue to call the infant by his father’s name needlessly perpetuates an episode which is best forgotten. Better, says the petitioner, to change the infant’s name and to blot out the memory of his father’s crime than to retain his father’s name and to live with its memory.
While the court recognizes that to deprive the son of his father’s surname is a serious and far-reaching action (Matter of Pollack, 2 A D 2d 756), and that the father has a natural right to have his son bear his name (Matter of Baldini, 17 Misc 2d 195) and that the court should not endeavor to interfere with the usual custom of succession of paternal surname nor foster any unnatural barrier between father and son (Matter of Epstein, 121 Misc 151, 152; Matter of Cohn, 181 Misc. 1021), the court also recognizes that under certain circumstances it is in the best interest of the child to permit him to change his name (Matter of Fein, 51 Misc 2d 1012).
The request to change the infant’s name should be approved or disapproved solely on the basis of the infant’s best interest. (Matter of Simon, 1 Misc 2d 177; Matter of Wittlin, 61 N. Y. S. 2d 726.) In granting the infant’s request for a change of name, the court, in the case of Matter of Fein (supra, p. 1017) said: “ The arrest, trial, sentence and appeals aroused wide notoriety, of the sensational type, because of the unusual features of the *176 case. It has attracted the most distasteful kind of publicity. This naturally has brought shame, disgrace and distress to his family — to his wife and children and to his parents.”
The sin of the father should not be visited upon the child. He is entitled to live his life unencumbered by the shame and disgrace of his father’s crime. The father’s right to perpetuate his name in his son is not absolute-, it may be forfeited by conduct inimical to his son.
The Civil Rights Law (§63) among other tests, requires that in the case of an application to change an infant’s name the court should be satisfied that his interest will be substantially promoted by the change. The court takes this to mean that the change will relieve the infant of the scorn, opprobrium or derision that may have attached to his name through no fault of his own, and will permit him to face the future with greater ease and comfort, free of the destructive hand of the past. Applying these criteria the court finds that the infant’s interest would be substantially promoted by a change of name.
The court is not inclined to grant the father’s request to hold this matter in abeyance pending his release. There is no indication when he may be released, and by the very nature of-the application it is in the best interest of the infant to avoid delay. Delay can only operate to prejudice the infant.
After careful consideration and mindful of the significance of the father-son relationship, the court concludes that in this instance the infant’s name should he changed.
The petition is granted. The adult petitioner may assume her maiden name, Anita Mitnick, and the infant’s name may he changed to Robert Mitnick.