OPINION OF THE COURT
Bernard F. McCaffrey, J.
The petitioner, A. D., is the mother and legal guardian of P. D., a seven-month-old boy, and proposes that a change of name for the infant be granted so that the said infant may take the surname of a female friend of the petitioner with whom the petitioner has lived for a number of years.
The identity of the father of the infant is unknown to the petitioner who has never been married, but who after years of consideration and deliberation decided to become a mother. To accomplish this end she became a client of a sperm bank and was artificially inseminated with the sperm of a donor whose identity is not revealed and who, as a condition of the sperm donation, is said to have waived all legal rights to the issue.
At the time of the infant’s birth the petitioner desired to give the offspring of the sperm donation the surname of her female friend, but the hospital refused to accept any surname other than that of the petitioner. The petitioner indicates that she now wishes to give the name of her friend to her son, indicating that the need for such a legal change of name, "is the importance of same to the mother and her friend, their *551 relationship, the symbolism of family and the psychological needs of the parties”, indicating further that the friend "will also be as a parent of the child (but without the legal rights and obligations which would be entailed in an adoption proceeding, which legal rights and obligations are to remain with the mother)”.
The application is accompanied by an affidavit of petitioner’s friend P. C. in support of the petition. She states that she and petitioner have lived together for a number of years and that the decision of petitioner to become inseminated from the sperm bank and to have the child for whom the name change is sought was jointly and mutually decided by them, as was the decision for the child to assume P. C.’s name and that P. C. would become a "stepmother” to said infant.
Civil Rights Law article 6 establishes the judicial procedure for a change of name. Section 60 of said law provides that a petition to change the name of an infant may be made by the infant through his next friend, or by either of his parents, or by his general guardian, or by the guardian of his person. Civil Rights Law § 63 provides in pertinent part as follows:
"§ 63. Order
"If the court to which the petition is presented is satisfied thereby * * * that the interests of the infant will be substantially promoted by the change, the court shall make an order authorizing the petitioner to assume the name proposed”.
In matters involving infant name changes, the court stands in loco parentis with respect to the infant and the best interests of the child are of paramount concern. (Matter of Robinson, 74 Misc 2d 63; see also, Matter of Yessner, 61 Misc 2d 174.) It is the policy of the law to look after the interests of infants incapable of looking after their own affairs. (Natoli v Board of Educ., 101 NYS2d 128.) From birth an infant is considered to be a ward of the State, the State standing in relation of parens patriae to infants and being vitally concerned with their welfare. (See, Matter of Presler, 171 Misc 559; Matter of Hill, 199 Misc 1035; People v Whitted, 124 NYS2d 189.)
A change of name of a minor should be approved or disapproved on the basis of the best interests of the minor. (Matter of De Jesus, 44 Misc 2d 833; see also, Matter of Wing, 4 Misc 2d 840.)
Furthermore, it is of note that the petition for the change of name contains statements which purport to establish the *552 status of "parent” of the infant in that of the friend. The petition contains further statements unsupported by any legal basis that this status of "parent” in her friend "is without legal rights and obligations which would be entailed in an adoption proceeding, which legal rights and obligations are to remain with the mother”. The court finds that it is improper to utilize a change of name proceeding, even by inference, to establish status as a "parent” one other than the natural parent.
Also, if the relationship or understanding between the parties should change, it might very well result in traumatic emotional litigation involving the issue of custody all of which would be detrimental to the best interests of the infant.
Thus, there is nothing in the papers submitted herein to indicate how the proposed change of name will be in the best interests of the infant here. The application speaks only of the change of name being of importance to the petitioner, A. D., and her friend and their relationship and the "symbolism of family” and psychological needs of the parties, without indicating what that means in terms of the infant and how such an arrangement will be substantially beneficial to the interests of said infant. The record presented on this application fails to show how the proposed change of name will be in the best interests of the infant. (Civil Rights Law § 63; Matter of Pollack, 2 AD2d 756.) Accordingly, this application is denied.