No. 2--02--1249
 

_____________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In
 
re
 PETITION OF GLADYS ) Appeal from the Circuit Court

SANJUAN-MOELLER, in behalf of ) of Du Page County.

Conrad Wolfgang Moeller         ) 

) No. 99--MR--0456

)

(Gladys Sanjuan-Moeller,        ) Honorable

Petitioner-Appellee, v.     ) Bonnie M. Wheaton,

Kurt P. Moeller, Appellant.)           )     Judge, Presiding.

______________________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The petitioner, Gladys Sanjuan-Moeller, filed a petition in the circuit court of Du Page County to change the name of her minor son from Conrad Wolfgang Moeller to Conrad Armando Sanjuan-Moeller.  The trial court ultimately granted Gladys's petition.  Thereafter, Kurt Moeller, the appellant and the boy's father, filed a motion to vacate the order changing Conrad's name, which the trial court denied.  Kurt appeals from the September 3, 1999, and October 15, 2002, orders of the trial court granting Gladys's petition to change Conrad's name and denying his motion to vacate. 

The parties were at one time married.  During the marriage, the parties had one child together, Conrad.  The parties' marriage was dissolved on November 10, 1999.  At that time, Conrad was one year old.  Following the dissolution of marriage, Kurt exercised his visitation rights with Conrad and paid child support.  

On June 28, 1999, Gladys filed in the chancery division of the trial court a petition pursuant to section 21--101 of the Code of Civil Procedure (the Code) (735 ILCS 5/21--101 (West 1998)) seeking to change Conrad's name from Conrad Wolfgang Moeller to Conrad Armando Sanjuan-Moeller.  Gladys followed the notice by publication requirements of section 21--103 of the Code (735 ILCS 5/21--103 (West 1998)).  However, she did not serve Kurt with personal notice of her petition.  On September 3, 1999, following a hearing, the trial court granted Gladys's petition, finding that it was in Conrad's best interests that his name be changed. 

On September 18, 2002, Kurt filed a motion to vacate the trial court's September 3, 1999, order changing Conrad's name.  In his petition, Kurt argued that he was never afforded actual notice of Gladys's petition to change Conrad's name.  On October 15, 2002, the trial court denied Kurt's motion.  Subsequently, Kurt filed a timely notice of appeal. 

Before addressing the merits of the appeal, we note that Kurt has filed a motion to strike Gladys's appellee brief for failure to comply with several of the supreme court rules that govern appellate briefs.  After reviewing Gladys's brief, we find it to be wholly insufficient.  In particular, her brief lacks a summary statement and a conclusion and is replete with irrelevant facts outside the record.  See 188 Ill. 2d Rs. 341(e)(1), (e)(6), (e)(8), (f).  Furthermore, Gladys cites no authority nor makes any legal arguments on her behalf.   See 188 Ill. 2d Rs. 341(e)(7), (f).  For the above reasons, Gladys's brief is hereby stricken.  See 
Collier v. Avis Rent A Car System, Inc.
, 248 Ill. App. 3d 1088, 1095 (1993) (the appellate court has the authority to strike a party's brief for failure to comply with the supreme court rules governing briefs).  Although we are without an appellee brief, we will nonetheless consider the appeal under the standards enunciated in 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128 (1976). 

Turning to the merits of the appeal, Kurt argues that the trial court erred in denying his motion to vacate the September 3, 1999, order.   More specifically, Kurt argues that he was entitled to actual notice of Gladys's petition to change Conrad's name.   The question presented by Kurt is a question of law, which we review 
de
 
novo
.  

Name changes in Illinois are governed by article XXI of the Code.  Section 21--101 of the Code provides that a parent may petition the trial court to change the name of his or her minor child, which the trial court may grant if it finds by clear and convincing evidence that the name change will serve the best interests of the child.  735 ILCS 5/21--101 (West 1998).  Section 21--102 of the Code sets forth the required contents of the petition.  735 ILCS 5/21--102 (West 1998).  Finally, section 21--103 requires notice by publication.  735 ILCS 5/21--103 (West 1998).  

Specifically, section 21--103(a) provides: 

"Previous notice shall be given of the intended application by publishing a notice thereof in some newspaper published in the municipality in which the person resides if the municipality is in a county with a population under 2,000,000, or if the person does not reside in a municipality in a county with a population under 2,000,000, or if no newspaper is published in the municipality or if the person resides in a county with a population of 2,000,000 or more then in some newspaper published in the county where the person resides ***.  The notice shall be inserted for 3 consecutive weeks, the first insertion to be at least 6 weeks before the return day upon which the petition is to be filed."  735 ILCS 5/21--103(a) (West 1998). 

Notably, article XXI does not explicitly require a custodial parent to serve the noncustodial parent with actual notice.  In fact, section 21--103(b) explicitly allows publication in lieu of actual notice to a custodial or noncustodial parent.  Section 21--103(b) provides:

"The publication requirement of subsection (a) shall not be required in any application for a change of name involving a minor if, before making judgment under this Article, reasonable notice and opportunity to be heard is given to any parent whose parental rights have not been previously terminated and to and to any person who has physical custody of the child."  735 ILCS 5/21--103(b) (West 1998).    

Nevertheless, changing a child's name is a serious and far-reaching action, and, arguably, a noncustodial parent is still entitled to actual notice.  Whether a noncustodial parent is entitled to actual notice of a proceeding to change his or her child's name is an issue of first impression in Illinois.  We therefore look for guidance from other jurisdictions that have previously addressed this issue.  All of these jurisdictions have taken the position that a noncustodial parent, specifically a noncustodial father, has an interest in the surname of his child and is entitled to actual notice of any name change proceedings.  See 
In re Application of Tubbs
, 620 P.2d 384, 386 (Okla. 1980); see also 
Hamman v. County Court
, 753 P.2d 743, 747 (Colo. 1988); 
In re Petition for Change of Name of Harris
, 160 W. Va. 422, 425, 236 S.E.2d 426, 428 (1977).       

The 
Tubbs
 court in particular went so far as to hold that a decree changing a minor's surname without first affording the noncustodial father actual notice runs afoul of the due process guarantee of the United States Constitution (U.S. Const., amend. XIV).  
Tubbs
, 620 P.2d at 387.  In so holding, the 
Tubbs
 court reasoned that a surname, in addition to furnishing a means of identifying a child, signifies a special relationship between the child and his father.  
Tubbs
, 620 P.2d at 387.  The 
Tubbs
 court further reasoned that the father-child relationship is oftentimes tenuous following a divorce where the mother is awarded custody.  It reasoned that a change of a surname could weaken, if not sever, the bond between the noncustodial father and child.  
Tubbs
, 620 P.2d at 387.  Finally, the 
Tubbs
 court reasoned that a father has a protectable interest in maintaining a relationship with his child.  
Tubbs
, 620 P.2d at 387.  The court therefore concluded that a father has a protectable interest in his child's surname, as the surname directly affects the father-child relationship.  
Tubbs
, 620 P.2d at 387.

We find the reasoning in 
Tubbs
 to be persuasive.  It is  undeniable that a noncustodial parent is an interested party in a proceeding to change the surname of his or her child.  A noncustodial father in particular has an interest in his child bearing his surname insomuch as a father's patronymic fosters a continuous and healthy relationship between the father and child.  Changing a child's surname could adversely affect that relationship.  Due process requires that in order for an individual to have his rights or interests in life, liberty, or property affected, that person must be served with notice and have an opportunity to defend his interests.  
In re Estate of Hecht
, 63 Ill. App. 3d 539, 540 (1978).  

Accordingly, in conformity with 
Tubbs
, 
Hamman
, and 
Harris
, we hold that a noncustodial parent is entitled to actual notice of proceedings to change his or her child's name.  Additionally, we agree with 
Tubbs
 that a noncustodial parent is entitled to that notice as a matter of due process, especially when that parent's whereabouts are known or readily ascertainable and the parent is exercising visitation rights and paying child support.  Furthermore, we hold that section 21--103(b) of the Code is unconstitutional to the extent that it allows a custodial parent to change the name of his or her child without actual notice to the noncustodial parent. 

In the present case, Gladys failed to provide Kurt with actual notice of her petition to change Conrad's name.  Kurt's whereabouts were known or at least readily ascertainable.  Furthermore, he was exercising visitation rights and paying child support.  As explained above, Kurt was entitled to actual notice as a matter of due process.  Because Kurt was not afforded actual notice, the trial court's order granting Conrad's name change is void 
ab
 
initio
.  See 
Lakeview Trust & Savings Bank v. Estrada
, 134 Ill. App. 3d 792, 811 (1985) (orders entered without notice in violation of that party's due process rights are void).  It follows then that the trial court's subsequent order denying Kurt's motion to vacate is also void.  These orders are therefore vacated.     

On a final note, we emphasize that our holding must not be construed as granting a noncustodial parent the power to necessarily prevent a name change.  As noted above, of paramount concern to the trial court when considering a name change of a minor child is the child's best interests.  Specifically, the trial court should consider (1) the wishes of the child's parents; (2) the wishes of the child; (3) the child's interaction and interrelationship with the parents, custodian, and other persons in the familial relationship; and (4) the child's adjustment to home, school, and community.  735 ILCS 5/21--101 (West 1998).  Indeed, after considering the relevant best interests inquiries, the trial court may very well find that a name change is in the child's best interests.  However, a noncustodial parent who is exercising his visitation rights and paying child support must be afforded notice and an opportunity to be heard before the trial court makes such a determination.          

For the following reasons, the orders of the circuit court of Du Page County are vacated.

Orders vacated.

BOWMAN and GROMETER, JJ., concur.