## In the Matter of Applications of J.S.S. and B.A.B. to Change Their Names:

### Carl D. SHEPPARD, Appellant,

v.

### Tobie Evelyn WRIGHT, Appellee.

### No. 83896.

Court of Appeals of Oklahoma, Division No. 1.

March 14, 1995.

Rehearing Denied April 11, 1995.

Michael C. Trewitt, Ponca City, for appellant.

James R. Rodgers, Blackwell, for appellee.

HANSEN, Presiding Judge:

Appellee, Tobie Evelyn Wright, is the natural mother of J.S.S. She is divorced from the child's father. She filed a petition in district court pursuant to 12 O.S.1991 § 1631 et seq. to change her son's last name to that of her present husband, Wright. The natural father, Carl Sheppard, filed an objection and the case went to trial. The trial court granted Appellee's request and changed the last name of Appellant's son to Wright. Appellant filed a motion for new trial which the court denied, and he now appeals to this Court for relief.

We agree with Appellant. 12 O.S.1991 § 1631 et seq. does not permit a parent to change a minor child's last name from that of his natural father over the father's objection. This state has never permitted such a name change for the convenience of the mother when the paternal bond remains unsevered. Justice Opala has succinctly set out the scope of the protected rights of a father to a child's continued use of his surname. In *Application of Tubbs*, 620 P.2d 384, 385 (Okla.1980), speaking for a unanimous Court, Justice Opala stated:

Every divorced parent-custodial or not-whose paternal or maternal bond remains unsevered, has a cognizable claim to having his/her child continue to bear the very same legal name as that by which it was known at the time the marriage was dissolved.

He further stated at p. 387:

Various courts have taken the position that to deprive a child of his father's surname is a serious and far-reaching action. This is so because a name, in addition to furnishing a means of identifying a person, signifies a particular relationship. The paternal surname is said to have a tendency to identify the relationship between a father and his children whether it is bestowed as a matter of law or centuries-old custom. It has been recognized that change of a child's paternal surname may foster an unnatural barrier between the father and the child and erode a relationship that should be nurtured. Some authorities believe that whenever the parents of a child are divorced and the custody is in the mother, the remaining bond between the father and child is at best tenuous and may be further weakened, if not utterly destroyed by a change of the minor's sur-

name. Rights in a parental bond have been variously classified as "essential rights", "basic civil rights", "fundamental rights" and "personal rights" more precious than those of property. The interest comprised within the parental bond is the subject of constitutional protection under both the Due Process and Equal Protection Clauses. (citations omitted)

The Change of Name Act (§ 1631 et seq.) is the exclusive method for change of name except by marriage, decree of divorce or by adoption, *Sneed v. Sneed,* 585 P.2d 1363 (Okla.1987). But its enactment can in no way be implemented to change the rights a father has to the continued use of his surname by his offspring. The trial court clearly abused its discretion in changing the name of Appellant's son over Appellant's objection.

REVERSED.

JONES, J., concurs.

JOPLIN, J., dissents.