OSCN Found Document:IN THE MATTER OF THE APPLICATION OF B.J.A.L. TO CHANGE HER NAME

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE APPLICATION OF B.J.A.L. TO CHANGE HER NAME
2015 OK CIV APP 4
Case Number: 112139
Decided: 12/11/2014
Mandate Issued: 01/07/2015
A, DIVISION III
IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 4, __ P.3d __

 

IN THE MATTER OF THE APPLICATION OF B.J.A.L. TO CHANGE HER NAME:

SARAH S. CAMPBELL (Mother), B.J.A.L. (Minor), Plaintiffs/Appellees,
v.
BRIAN NEAL LOWE, Defendant/Appellant.



APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE DYNDA R. POST, TRIAL JUDGE



AFFIRMED



James P. Tanner, Claremore, Oklahoma, for Plaintiffs/Appellees,
Brian Neal Lowe, Loretta, Pennsylvania, for Defendant/Appellant.




BRIAN JACK GOREE, Judge:


¶1 Brian Neal Lowe (Father) appealed an order granting his former girlfriend's petition to change their minor daughter's name. The Record on Appeal in this case consists of (1) Father's Response to Petition For Change of Name, (2) Father's Statement in Support of Motion To Deny Name Change, and (3) a copy of the appearance docket. The Petition in Error does not include a copy of the order appealed.

¶2 In her answer brief, Sarah S. Campbell (Mother) argues she filed a petition compliant with 12 O.S. 2011 §1632 and served it on Father in the federal institution where he resides. Father's objection was filed in the trial court on June 17, 2013. The appealed order appears to have been filed June 19, 2013 following a hearing where Mother testified and presented proof of publication. The hearing was not transcribed.

¶3 Father's appeal presents two proposals for error. First, he contends his child is under ten years old and therefore cannot consent to a name change. Second, he argues that Mother has thwarted his attempts to have a relationship with his child.

¶4 A guardian or next friend may petition the court to change the name of a minor. 12 O.S. 2011 §1631. The petition must be verified and state the petitioner's name, residence, date and place of birth, birth certificate number, and desired name. 12 O.S. §1632. The petition must also contain a clear and concise statement of the reasons for the desired change and that the change is not sought for any illegal or fraudulent purpose or to delay or hinder creditors. Id.

¶5 Mother states her child was born in Claremore and Father terminated all contact with her and the child soon afterward. She states Father went to federal prison approximately one year later for receipt, possession and production of pornography and sexual exploitation of a child. Father does not dispute this in his reply brief. However, he objects to Mother's contention that he has had no contact with his daughter. He contends Mother has changed her phone number, address, and other contact information which has prevented a father/daughter relationship.

¶6 A divorced, non-custodial parent has a constitutional right to notice of a proceeding to change the child's surname. In re Tubbs, 1980 OK 177, ¶7, 620 P.2d 384. Father and Mother were apparently never married. Two days before the hearing Father filed a written response to the petition with a sworn statement. Father was given notice and exercised his opportunity to be heard. His constitutional right to due process was protected.

¶7 A name change shall be granted if the material allegations of the petition are sustained by sworn evidence, unless the judge finds the change is sought for an illegal or fraudulent purpose or that a material allegation of the petition is false. 12 O.S. 2011 §1634. In the case In Re J.S.S., 1995 OK CIV APP 47, 895 P.2d 748, the Court of Civil Appeals decided that 12 O.S. 1991 §1631 et seq. does not permit a parent to change a minor child's last name from that of his natural father over the father's objection. In Re J.S.S., ¶2. However, another division of the Court of Civil Appeals declined to adopt the reasoning of In Re J.S.S. and reversed a trial court's order changing a child's last name, concluding it was against the clear weight of the evidence. In Re S.S., 2004 OK CIV APP 35, 90 P.3d 566.

¶8 We hold that 12 O.S. 2011 §1631 et seq. is broad enough to permit a court to change the last name of a child over the objection of a natural parent when the parents have never been married to one another, provided the objecting parent receives proper notice.

¶9 Father cites no Oklahoma authority supporting his argument that a name change of a minor is invalid based on the minor's incapacity to give legal consent. A guardian or next friend is statutorily permitted to petition the court on behalf of the child for a name change. §1631. Father's argument that Mother has thwarted his attempts to form a relationship with his child could be a relevant consideration when a trial court determines whether or not a petition should be granted. In Re S.S., ¶15. On the scant record presented, we are unable to conclude that the trial court committed error in granting the petition.


¶10 AFFIRMED.



BELL, P.J., and MITCHELL, J., concur.









 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1995 OK CIV APP 47, 895 P.2d 748, 66 OBJ 1866, J.S.S., Application of
Discussed
 2004 OK CIV APP 35, 90 P.3d 566, IN THE MATTER OF THE APPLICATION OF STRATTON
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1980 OK 177, 620 P.2d 384, Application of Tubbs
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1631, Right to Petition for Change of Name
Discussed at Length
 12 O.S. 1632, Required Context of Petition
Discussed
 12 O.S. 1634, Proof of Petition by Sworn Evidence
Cited